OFFICE OF THE CIRCUIT MEDIATORS

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**331 POTTER STEWART U.S. COURTHOUSE**

PAUL B. CALICO                  **100 EAST FIFTH STREET**            TELEPHONE (513) 564-7330
 *Chief Circuit Mediator*          **CINCINNATI, OHIO 45202-3988**          FAX (513) 564-7349
DEBORAH N. GINOCCHIO        CA06-MEDIATION@ca6.uscourts.gov
RODERICK M. MCFAULL
MARIANN YEVIN

March 10, 2014

Adam S. Baldridge, Esq.                              Kannon Cooper Conway, Esq.
Grady M. Garrison, Esq.                              Kalpana Nagampalli, Esq.
Bradley E. Trammell, Esq.                         Michael Francis Rafferty, Esq.
Theodore C. Anderson, Esq.                       Ashley E. Tremain, Esq.

Re: *Varsity Brands, Inc., et al v. Star Athletica*, *LLC,* CA No. 14-5237

## <u>MEDIATION CONFERENCE NOTICE</u>

Dear Counsel:

DATE AND TIME

Pursuant to Federal Rule of Appellate Procedure 33 and Sixth Circuit Rule 33, a **TELEPHONE** mediation conference has been scheduled in this case for   **April 2, 2014**   at   **9:30 AM** **EASTERN TIME**. The Court will place the calls to the number provided in the Mediation Background Information Form, which you are required to submit by **March 26, 2014** (see additional information regarding Mediation Background Information Forms below). **Please note that the use of cell phones is not permitted**. You should allow at least ninety minutes for the conference.

PURPOSES

There are several purposes for mediation conferences. One is to prevent unnecessary motions or delay by addressing any **procedural issues** relating to the appeal. A second is to identify and clarify the main **substantive issues** presented on appeal. The third and primary purpose is to explore possibilities for **settlement**. We will discuss in considerable detail the parties' interests and possible bases for resolving the case. You should be prepared to address all of these matters. Your attention is also directed to the document entitled *About Mediation Conferences*, which is available on the Court's website at www.ca6.uscourts.gov under the heading Mediation Office. It provides more detailed information about mediation conferences in the Sixth Circuit.

PARTICIPATION BY COUNSEL

The attorneys identified above have been tentatively identified as those having primary authority on behalf of their respective clients in this case. Our goal, however, is to secure the participation of the lawyers on whose advice the clients will most directly rely in making decisions about settlement. **If more than one attorney is involved, the attorney with the most direct relationship with the client is required to participate in the conference and should be listed as Lead Mediation Counsel on the Mediation Background Form**. All attorneys who will participate in the conference must be listed on the Form, along with their contact information.

CLIENT PARTICIPATION

Settlement decisions are necessarily made in close consultation with clients, so their attendance/participation in mediation is strongly encouraged. If you believe this is the unusual case in which such participation would be

counterproductive, please so advise the mediator before the conference. Even in those cases, however, you should make arrangements for your client to be available by telephone during the conference.

If your client will participate in the conference from a separate telephone, please list their contact number on the Mediation Background Information Form.

CONVERSION TO IN-PERSON CONFERENCES

Initial conferences typically are conducted by telephone (unless all counsel reside within 50 miles of Cincinnati) for the convenience of litigants and counsel. Our experience, however, is that in-person conferences can be more productive. **If you think an in-person mediation would enhance the likelihood of settlement** and you are willing to travel to Cincinnati for the conference, **please call the undersigned mediator**. If the other parties agree, the mediation will be changed to an in-person conference. The date of the mediation can be changed if necessary.

RESCHEDULING

If the date and time of the mediation conference present an unavoidable conflict with a previously scheduled court appearance or commitment, you are required to contact the Mediation Administrator, Connie Weiskittel, by **March 13, 2014** to advise of the conflict and to request that the mediation conference be rescheduled. When we are notified of such conflicts in a timely manner, we will provide you with alternative dates and times. You are then responsible for contacting opposing counsel to confirm his or her availability and advising this office of the agreed date and time. We will then send a revised notice.

If you do not contact this office by **March 13, 2014**, we may be unable to accommodate requests for rescheduling. While we make every reasonable effort to accommodate timely requests for rescheduling, untimely requests can adversely affect this office and the Court, and alternative dates and times are usually quite limited. If alternative dates and times are still available, you are responsible for contacting opposing counsel to confirm his or her availability and advising this office of the agreed date and time. Until a new date is confirmed, however, the mediation will go forward as originally scheduled.

MEDIATION BACKGROUND INFORMATION FORM

All parties are required to submit a Mediation Background Information Form by **March 26, 2014**, which can be downloaded from the Court's website. **Please submit the Form directly to the Mediation Office electronically, by fax or by mail. Do NOT file or otherwise disclose it to the Court**. Providing all of the requested information and submitting the Form in a timely manner is essential to maximizing the likelihood of success in mediation. Except to the extent authorized by counsel, information in the Form will be held confidential and will not be shared with other parties or their counsel.

Thank you for your careful attention to these matters.

Sincerely,
/s/
Deborah N. Ginocchio

lmr
cc:      Robin L. Johnson, Case Manager