No. 14-5237

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

VARSITY BRANDS, INC.; VARSITY SPIRIT CORPORATION;
VARSITY SPIRIT FASHIONS & SUPPLIES, INC.

Plaintiffs – Appellants

v.

STAR ATHLETICA, LLC

Defendant – Appellee

**APPENDIX TO APPELLEE'S BRIEF**

Appeal from a final judgment of the United States District Court for the Western District of Tennessee, Hon. Robert H. Cleland, United States District Judge, presiding by appointment.

Respectfully submitted,

Michael F. Rafferty, Tenn. Disc. No. 10092
Ha.rris Shelton Hanover Walsh, P.L.L.C.
Memphis, Tennessee

Steven M. Crosby, N.Y. State Bar No. 4261269
The Feldman Law Group
New York, New York

Theodore C. Anderson, Texas Bar No. 1215700
Kilgore & Kilgore
Dallas, Texas

Attorneys for Star Athletica, LLC

# TABLE OF CONTENTS

District Court Docket Sheet.............................................................App. 31-52

Star's Summary Judgment Exhibits......................................................App. 53-54

Compendium of Copyright Office Practices under the 1976 Act [*Compendium II*]..........................................................................App. 55-77

Registrability of Costume Designs, 56 Fed. Reg. 56, 530 (Nov. 5, 1991)..................................................................................App. 78-80

Excerpt from Chapter II, Register's Report (1961), reprinted in Appendix 14, pps. 26-28, *Nimmer on Copyright* (1992).............................................App. 81-89

Excerpt from Supplementary Register's Report (1965), reprinted in Appendix. 15, pg. 77, Nimmer on Copyright (1992)...........................................App. 90-96

APPEAL,AndersonX,VJ-RHC

# U.S. District Court
## Western District of Tennessee (Memphis)
### CIVIL DOCKET FOR CASE #: 2:10-cv-02508-RHC-cgc

| | |
|---|---|
| Varsity Brands, Inc. et al v. Star Athletica, LLC | Date Filed: 07/09/2010 |
| Assigned to: U.S. District Judge Robert H. Cleland | Date Terminated: 03/01/2014 |
| Referred to: Magistrate Judge Charmiane G. Claxton | Jury Demand: Defendant |
| Case in other court: 6th Circuit, 14-02537 | Nature of Suit: 820 Copyright |
| Cause: 17:101 Copyright Infringement | Jurisdiction: Federal Question |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2010 | 1 | COMPLAINT against Star Athletica, LLC, filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 drawing of uniform, # 2 picture of uniform (blue), # 3 "to be supplied", # 4 picture of uniform (red), # 5 drawing of uniform, # 6 picture of uniform (blue & white), # 7 drawing of uniform, # 8 pictures of uniforms, # 9 picture of uniform (bruins), # 10 picture of uniforms, # 11 mascots, # 12 colors and styles, # 13 team letters, # 14 lettering colors, # 15 certificate of registration dated 5-21-07, # 16 certificate of registration dated 5-12-2008, # 17 certificate of registration dated 4-29-2005, # 18 certificate of registration dated 4-29-2005, # 19 certifcate of registration dated 7-7-2008, # 20 Civil Cover Sheet, # 21 judge's card)(agj) (Entered: 07/12/2010) |
| 07/12/2010 | 2 | Case initiation fee: PAID $ 350, receipt number M124798 (vjm) (Entered: 07/13/2010) |
| 07/22/2010 | 3 | Judge Bernice B. Donald added as presiding judge and Magistrate Judge Charmiane G. Claxton assigned to case as referral judge. (vlg) (rmp). (Entered: 07/22/2010) |
| 09/09/2010 | 4 | Summons Issued as to Star Athletica, LLC. (vjm) (Entered: 09/09/2010) |
| 09/23/2010 | 5 | AFFIDAVIT of Service for Summons and Complaint served on Star Athletica, LLC c/o Robert James Liebe, III - Registered Agent on 09/13/2010, filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 09/23/2010) |
| 09/27/2010 | 6 | MOTION for Leave for Lionel L. Lucchesi to Appear Pro Hac Vice for Star Athletica, LLC. (Attachments: # 1 Receipt #125998)(jld) (Entered: 09/27/2010) |
| 09/27/2010 | 7 | MOTION for Leave for Nelson D. Nolte to Appear Pro Hac Vice for Star Athletica, LLC. (Attachments: # 1 Receipt #M125999)(jld) (Entered: 09/27/2010) |
| 09/27/2010 | 8 | |

APP 031

| | | MOTION for Leave for William B. Cunningham to Appear Pro Hac Vice for Star Athletica, LLC. (Attachments: # 1 Receipt #M126000)(jld) (Entered: 09/27/2010) |
|---|---|---|
| 09/28/2010 | 9 | ORDER granting 8 Motion for Leave to Appear Pro Hac Vice (William B. Cunningham). Signed by Judge Bernice B. Donald on 9/28/2010. (Donald, Bernice) (Entered: 09/28/2010) |
| 09/28/2010 | 10 | ORDER granting 6 Motion for Leave to Appear Pro Hac Vice (Lionel L. Lucchesi). Signed by Judge Bernice B. Donald on 9/28/2010. (Donald, Bernice) (Entered: 09/28/2010) |
| 09/28/2010 | 11 | ORDER granting 7 Motion for Leave to Appear Pro Hac Vice (Nelson D. Nolte). Signed by Judge Bernice B. Donald on 9/28/2010. (Donald, Bernice) (Entered: 09/28/2010) |
| 10/01/2010 | 12 | MOTION for Extension of Time to File Answer re 1 Complaint,,, *PROPOSED ORDER SUBMITTED* by Star Athletica, LLC. (Nolte, Nelson) (Entered: 10/01/2010) |
| 10/01/2010 | 13 | ORDER granting 12 Motion for Extension of Time to Answer. Star Athletica, LLC answer due 11/3/2010. Signed by Judge Bernice B. Donald on 10/1/2010. (Donald, Bernice) (Entered: 10/01/2010) |
| 10/21/2010 | 14 | NOTICE OF SETTING: A SCHEDULING CONFERENCE has been set for TUESDAY, 11/9/2010 at 09:30 AM in RM 357 - Third Floor, Federal Bldg - Memphis before Magistrate Judge Charmiane G. Claxton. (bvh) (Entered: 10/21/2010) |
| 11/01/2010 | 15 | NOTICE of Appearance by Michael F. Rafferty on behalf of All Defendants (Rafferty, Michael) (Entered: 11/01/2010) |
| 11/01/2010 | 16 | Second MOTION to Extend Deadline by All Defendants. (Rafferty, Michael) (Entered: 11/01/2010) |
| 11/02/2010 | 17 | ORDER granting 16 Second Motion to Extend Deadline. Answer now due 11/12/2010. Signed by Judge Bernice B. Donald on 11/2/2010. (Donald, Bernice) (Entered: 11/02/2010) |
| 11/02/2010 | 18 | MOTION to Withdraw as Attorney *OF RECORD- PROPOSED ORDER SUBMITTED* by Star Athletica, LLC. (Nolte, Nelson) (Entered: 11/02/2010) |
| 11/03/2010 | 19 | ORDER granting 18 Motion to Withdraw as Attorney. Attorneys Nelson Darin Nolte, William Bush Cunningham, and Lionel Louis Lucchesi terminated. Signed by Judge Bernice B. Donald on 11/3/2010. (Donald, Bernice) (Entered: 11/03/2010) |
| 11/05/2010 | 20 | MOTION for Leave to Appear Pro Hac Vice, MOTION for Recusal, MOTION to Reassign Case, MOTION to Quash, MOTION for Protective Order by All Defendants. (Rafferty, Michael) (Entered: 11/05/2010) |
| 11/05/2010 | 21 | MOTION for Leave to Appear Pro Hac Vice by All Defendants. (Rafferty, Michael) (Entered: 11/05/2010) |
| 11/05/2010 | 22 | |

| | | MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* by Star Athletica. LLC. (Rafferty, Michael) (Entered: 11/05/2010) |
|---|---|---|
| 11/05/2010 | 23 | MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* by Star Athletica, LLC. (Rafferty, Michael) (Entered: 11/05/2010) |
| 11/08/2010 | 24 | SCHEDULING ORDER. Entry of this order CANCELS the scheduling conference set for TUESDAY, 11/9/2010 at 09:30 AM. Signed by Magistrate Judge Charmiane G. Claxton on 11/8/2010. (Claxton, Charmiane) (Entered: 11/08/2010) |
| 11/08/2010 | | Set Deadlines/Hearings: Amended Pleadings due by 3/30/2011. Discovery due by 8/4/2011. Joinder of Parties due by 1/25/2011. Dispositive Motions due by 9/21/2011 per #24. (jml) (Entered: 11/12/2010) |
| 11/09/2010 | 25 | SETTING LETTER: NonJury Trial set for 1/16/2012 09:00 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Pretrial Conference set for 1/2/2012 01:30 PM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Proposed Pretrial Order due by 12/23/2011. (tpe) (Entered: 11/09/2010) |
| 11/10/2010 | 26 | DEFICIENCY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 23 MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* filed by Star Athletica, LLC, 22 MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* filed by Star Athletica, LLC has been filed. However, the following deficiency has been found: Please note that motion pro hace vices are submitted directly and only through the phv email link located under ECF Policies and Procedures'(which may be located under 'Case Information' from the main webpage). You will need to resubmit the motion pro hac vices. Motions will also be termed from the pending list. Thanks and if you have questions please call me at 901-495-1505.. The filer has one business day to correct the deficiency. (jml) (Entered: 11/10/2010) |
| 11/10/2010 | 27 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 15 Notice of Appearance filed by Star Athletica, LLC has been filed. For future reference, please note that attorney Conway will need to file a separate notice of appearance in order to add himself to the case. Thanks and if you have questions please call me at 901-495-1505.. Filer is not required to resubmit document. (jml) (Entered: 11/10/2010) |
| 11/10/2010 | 28 | MOTION for Leave to Appear Pro Hac Vice of STEVEN M. CROSBY by Star Athletica, LLC. (proposed order submitted) (Attachments: # 1 receipt #M126709)(agj) (Entered: 11/12/2010) |
| 11/10/2010 | 29 | MOTION for Leave to Appear Pro Hac Vice of KALPANA NAGAMPALLI by Star Athletica, LLC. (proposed order submitted) (Attachments: # 1 receipt #M126710)(agj) (Entered: 11/12/2010) |
| 11/12/2010 | 30 | MOTION for Extension of Time to File Answer by All Defendants. (Attachments: # 1 Memorandum)(Rafferty, Michael) (Entered: 11/12/2010) |
| 11/17/2010 | 31 | |

| | | ORDER granting 28 Motion for Leave for Attorney Steven M. Crosby to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 11/17/2010. (Donald, Bernice) (Entered: 11/17/2010) |
|---|---|---|
| 11/17/2010 | 32 | ORDER granting 29 Motion for Leave for Attorney Kalpana Nagampalli to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 11/17/2010. (Donald, Bernice) (Entered: 11/17/2010) |
| 11/18/2010 | 33 | ORDER granting 30 Motion for Extension of Time to Answer. Star Athletica, LLC answer due 11/19/2010. Signed by Judge Bernice B. Donald on 11/18/2010. (Donald, Bernice) (Entered: 11/18/2010) |
| 11/20/2010 | 34 | MOTION to Dismiss by All Defendants. (Attachments: # 1 Memorandum, # 2 Affidavit, # 3 Exhibit Excerpt from Nimmer on Copyrights, # 4 Exhibit Policy Declaration, # 5 Exhibit Copyright Office Circular 40, # 6 Exhibit Copy of Complaint filed in Kohl's case)(Rafferty, Michael) (Entered: 11/20/2010) |
| 12/17/2010 | 35 | Notice of Correction to 1 Complaint,,, /Notice of Filing of Corrected Exhibit 3 to Plaintiffs' Complaint. (Attachments: # 1 Exhibit 3)(Baldridge, Adam) (Entered: 12/17/2010) |
| 12/17/2010 | 36 | MOTION for Extension of Time to File Response/Reply as to 34 MOTION to Dismiss, MOTION for Leave to File Excess Pages /Plaintiffs' Unopposed Motion and Supporting Memorandum for an Extension of Time to Respond to Defendant's Motion to Dismiss and for an Extension of Page Limitation for the Response - Proposed Order Submitted by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Garrison, Grady) (Entered: 12/17/2010) |
| 12/20/2010 | 37 | ORDER granting 36 Motion for Extension of Time to File Response/Reply re 34 MOTION to Dismiss (Responses due by 12/29/2010) and granting 36 Motion for Leave to File Excess Pages. Signed by Judge Bernice B. Donald on 12/20/2010. (Donald, Bernice) (Entered: 12/20/2010) |
| 12/29/2010 | 38 | RESPONSE in Opposition re 34 MOTION to Dismiss filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A-Unpublished Cases, # 2 Exhibit B-Compendium II of Copyright Office Practices, # 3 Exhibit C-US Copyright Letter Dated 10-19-07, # 4 Exhibit D-US Copyright Letter Dated 02-19-09, # 5 Exhibit E-US Copyright Letter Dated 02-19-09, # 6 Exhibit F-Line by Line Instructions of Copyright Office Form VA, # 7 Exhibit G-The Knitwaves "sweater designs") (Garrison, Grady) (Entered: 12/29/2010) |
| 02/28/2011 | 39 | MOTION to Quash (Proposed Order Submitted) by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Garrison, Grady) (Entered: 02/28/2011) |
| 03/07/2011 | 40 | ORDER REFERRING MOTION: 39 MOTION to Quash filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc. Signed by Judge Bernice B. Donald on 3/7/2011. (Donald, Bernice) (Entered: 03/07/2011) |

| 03/14/2011 | 41 | MOTION for Extension of Time to File Response/Reply as to 39 MOTION to Quash *(Proposed Order Submitted)* MOTION to Quash *(Proposed Order Submitted)* by All Defendants. (Rafferty, Michael) (Entered: 03/14/2011) |
|---|---|---|
| 03/17/2011 | 42 | ORDER granting 41 Motion for Extension of Time to File Response/Reply re 39 MOTION to Quash *(Proposed Order Submitted)* MOTION to Quash *(Proposed Order Submitted)* Responses due by 3/18/2011. ***TEXT ORDER ONLY***Signed by Magistrate Judge Charmiane G. Claxton on 3/17/20111. (Claxton, Charmiane) (Entered: 03/17/2011) |
| 03/18/2011 | 43 | RESPONSE in Opposition re 39 MOTION to Quash *(Proposed Order Submitted)* MOTION to Quash *(Proposed Order Submitted)* filed by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 03/18/2011) |
| 03/28/2011 | 44 | NOTICE OF SETTING: A MOTION HEARING regarding DE# 39 has been set for THURSDAY, 4/7/2011 at 09:30 AM in Courtroom 5 - Memphis before Magistrate Judge Charmiane G. Claxton. (bvh) (Entered: 03/28/2011) |
| 03/28/2011 | 45 | MOTION for Leave to File *a Reply in Support of Their Motion to Quash the Subpoena Issued to Grady M. Garrison or, in the Alternative, For Protective Order - proposed order submitted -* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit A)(Baldridge, Adam) (Entered: 03/28/2011) |
| 03/29/2011 | 46 | ORDER granting 45 Motion for Leave to File. Plaintiffs shall have up to and including April 1, 2011 in which to file their reply. ***TEXT ORDER ONLY*** Signed by Magistrate Judge Charmiane G. Claxton on 3/29/2011. (Claxton, Charmiane) (Entered: 03/29/2011) |
| 03/29/2011 | 47 | REPLY to Response to Motion re 43 Response in Opposition to Motion */Reply in Support of Plaintiffs' Motion to Quash the Subpoena Issued to Grady M. Garrison or, in the Alternative, for Protective Order* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A)(Baldridge, Adam) (Entered: 03/29/2011) |
| 03/30/2011 | 48 | MOTION for Leave to File */Unopposed Motion and Supporting Memorandum for Leave to Amend Complaint - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A)(Baldridge, Adam) (Entered: 03/30/2011) |
| 03/30/2011 | 49 | ORDER granting 48 Motion for Leave to File. Signed by Judge Bernice B. Donald on 3/30/2011. (Donald, Bernice) (jml). (Entered: 03/30/2011) |
| 03/31/2011 | 50 | TO ALL PARTIES....#49 has been updated to reflect the proper image....Please update your records. (jml) (Entered: 03/31/2011) |
| 04/06/2011 | 51 | AMENDED COMPLAINT *FIRST AMENDMENT TO COMPLAINT* against Star Athletica, LLC, filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Amended Exhibit 9, # 2 Amended Exhibit 19)(Baldridge, Adam) (Entered: 04/06/2011) |
| 04/07/2011 | 52 | Minute Entry for proceedings held before Magistrate Judge Charmiane G. Claxton: Hearing on Plaintiff's Motion to Quash (DE# 39 ) held on 4/7/2011. |

| | | Counsel for the parties present. The parties gave their positions on the matters at hand in the motion. After hearing argument the Court GRANTS the Motion to Quash. The Court will enter the order. (Plaintiff's Counsel: A. Baldridge. Defendants Counsel: M. Rafferty.) (Tape #FTR CR5) (cas) (Entered: 04/07/2011) |
|---|---|---|
| 04/18/2011 | 53 | MOTION for Leave to File /*Unopposed Motion and Supporting Memorandum for Leave to Substitute Exhibits to Complaint - Proposed Order and Proposed Notice Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A)(Baldridge, Adam) (Entered: 04/18/2011) |
| 04/18/2011 | 54 | ORDER granting 53 Motion for Leave to File. Signed by Judge Bernice B. Donald on 4/18/2011. (Donald, Bernice) (Entered: 04/18/2011) |
| 04/19/2011 | 55 | NOTICE by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. re 1 Complaint,,, /*Notice of Substituted Exhibits* (Attachments: # 1 Exhibit 3 (Substituted), # 2 Exhibit 5 (Substituted), # 3 Exhibit 7 (Substituted))(Baldridge, Adam) (Entered: 04/19/2011) |
| 04/21/2011 | 56 | ORDER denying 34 Motion to Dismiss. Signed by Judge Bernice B. Donald on 4/21/2011. (Donald, Bernice) (Entered: 04/21/2011) |
| 05/03/2011 | 57 | MOTION To Clarify Order Denying Mtn to Dismiss re 56 Order on Motion to Dismiss by All Defendants. (Attachments: # 1 Memorandum)(Rafferty, Michael) (Entered: 05/03/2011) |
| 05/05/2011 | 58 | ANSWER to 51 Amended Complaint, 1 Complaint,,, , ANSWER to 51 Amended Complaint, 1 Complaint,,, with Jury Demand , COUNTERCLAIM against All Defendants by All Defendants.(Rafferty, Michael) (Entered: 05/05/2011) |
| 05/11/2011 | 59 | ORDER granting 39 Motion to Quash. Signed by Magistrate Judge Charmiane G. Claxton on 5/11/2011. (Claxton, Charmiane) (Entered: 05/11/2011) |
| 05/16/2011 | 60 | ORDER DENYING 57 DEFENDANT STAR ATHLETICA, L.L.C.'S MOTION FOR CLARIFICATION OF THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS. Signed by Judge Bernice B. Donald on 5/16/2011. (Donald, Bernice) (Entered: 05/16/2011) |
| 05/31/2011 | 61 | MOTION to Dismiss *Defendant's Counterclaims* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion)(Baldridge, Adam) (Entered: 05/31/2011) |
| 06/09/2011 | 62 | MOTION to Stay *Discovery of Defendant's Antitrust Counterclaim (Proposed Order Submitted)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion)(Baldridge, Adam) (Entered: 06/09/2011) |
| 06/21/2011 | 63 | ORDER denying 62 Motion to Stay. Signed by Judge Bernice B. Donald on 6/21/2011. (Donald, Bernice) (Entered: 06/21/2011) |
| 06/22/2011 | 64 | |

| | | |
|---|---|---|
| | | MOTION to Stay *Discovery of Defendant's Antitrust Counterclaim (Proposed Order Submitted)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion)(Baldridge, Adam) (Entered: 06/22/2011) |
| 06/27/2011 | 65 | MOTION to Extend Deadline by All Parties. (Rafferty, Michael) (Entered: 06/27/2011) |
| 06/28/2011 | 66 | ORDER Granting 65 Motion to Extend Deadline. Signed by Judge Bernice B. Donald on 6/28/2011. (Donald, Bernice) (Entered: 06/28/2011) |
| 07/13/2011 | 67 | NOTICE by Kerry Leake *of Service of Objections to Plaintiffs' Subpoena* (Simmons, John) (Entered: 07/13/2011) |
| 07/21/2011 | 68 | MOTION for Extension of Time to File Response/Reply as to 66 Order on Motion to Extend Deadline by All Defendants. (Rafferty, Michael) (Entered: 07/21/2011) |
| 07/22/2011 | 69 | ORDER Granting 68 Motion for Extension of Time to File Response/Reply. Signed by Judge Bernice B. Donald on 7/22/2011. (Donald, Bernice) (Entered: 07/22/2011) |
| 07/26/2011 | 70 | RESPONSE in Opposition re 64 MOTION to Stay *Discovery of Defendant's Antitrust Counterclaim (Proposed Order Submitted)* filed by All Defendants. (Attachments: # 1 Exhibit Kerry Leake's Objections to Varsity's Subpoena) (Rafferty, Michael) (Entered: 07/26/2011) |
| 07/27/2011 | 71 | RESPONSE in Opposition re 61 MOTION to Dismiss *Defendant's Counterclaims* filed by Star Athletica, LLC. (Attachments: # 1 Exhibit CO Letter Ruling Articles of Clothing, # 2 Exhibit Varsity Recon Letter, # 3 Exhibit Jovani and Kohls Cases, # 4 Exhibit Varsity Copyright Notices) (Crosby, Steven) (Entered: 07/27/2011) |
| 08/08/2011 | 72 | MOTION for Extension of Time to File Response/Reply */Unopposed Motion and Supporting Memorandum for an Extension of Time to File a Reply in Support of Motion to Dismiss Defendant's Counterclaims - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 08/08/2011) |
| 08/11/2011 | 73 | ORDER Granting 72 Motion for Extension of Time to File Response/Reply. Signed by Judge Bernice B. Donald on 8/11/2011. (Donald, Bernice) (Entered: 08/11/2011) |
| 08/11/2011 | 74 | MOTION to Continue *with proposed order submitted* by All Parties. (Rafferty, Michael) (Entered: 08/11/2011) |
| 08/16/2011 | 75 | ORDER Granting 74 Joint Motion for New Trial Date and to Amend Scheduling Order. Signed by Judge Bernice B. Donald on 8/16/2011. (Donald, Bernice) (Entered: 08/16/2011) |
| 08/16/2011 | 76 | AMENDED SCHEDULING ORDER. Signed by Judge Bernice B. Donald on 8/16/2011. (Donald, Bernice) (Entered: 08/16/2011) |
| 08/16/2011 | 77 | |

| | | RESPONSE in Support re 61 MOTION to Dismiss *Defendant's Counterclaims* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 08/16/2011) |
|---|---|---|
| 08/16/2011 | | Set Deadlines/Hearings: Dispositive Motions due by 4/6/2012 per #76. (jml) (Entered: 08/23/2011) |
| 08/18/2011 | 78 | **RE-SETTING LETTER: NonJury Trial re-set for **7/23/2012 09:00 AM** in Courtroom 3 - Memphis before Judge Bernice B. Donald. Pretrial Conference re-set for **7/9/2012 01:30 PM** in Courtroom 3 - Memphis before Judge Bernice B. Donald. Proposed Pretrial Order due by 7/3/2012. (tpc) (Entered: 08/18/2011) |
| 09/12/2011 | 79 | ORDER REFERRING MOTION: 64 Motion to Stay. Signed by Judge Bernice B. Donald on 9/12/11.(Donald, Bernice) (Entered: 09/12/2011) |
| 10/31/2011 | 80 | ORDER granting in part and denying in part 61 Motion to Dismiss. Signed by Judge Bernice B. Donald on 10/31/11. (Donald, Bernice) (Entered: 10/31/2011) |
| 10/31/2011 | 81 | ORDER Denying 64 Motion to Stay. Signed by Judge Bernice B. Donald on 10/31/11. (Donald, Bernice) (Entered: 10/31/2011) |
| 11/04/2011 | 82 | Joint MOTION for Protective Order *(Proposed Order Submitted)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A-Stipulated Protective Order)(Baldridge, Adam) (Entered: 11/04/2011) |
| 11/08/2011 | 83 | ORDER GRANTING 82 Motion for Protective Order. Signed by Judge Bernice B. Donald on 11/8/2011. (Donald, Bernice) (Entered: 11/08/2011) |
| 11/14/2011 | 84 | First MOTION to Compel *proposed order submitted* by All Plaintiffs. (Attachments: # 1 Memorandum, # 2 Exhibit Pls.' Req. for Interrogs., # 3 Exhibit Pls.' Req. for Admis., # 4 Exhibit Pls.' Req. for Prod., # 5 Exhibit Def.'s Resp. to Pls.' Req. for Interrogs., # 6 Exhibit Def.'s Resp. to Pls.' Req. for Admis., # 7 Exhibit Def.'s Resp. to Pls.' Req. for Prod., # 8 Exhibit Correspondence (09/08/11), # 9 Exhibit Correspondence (10/03/11), # 10 Exhibit Correspondence (10/25/11), # 11 Exhibit Correspondence (10/28/11), # 12 Exhibit Correspondence (11/03/11))(Baldridge, Adam) (Entered: 11/14/2011) |
| 11/29/2011 | 85 | RESPONSE in Opposition re 84 First MOTION to Compel *proposed order submitted* filed by All Defendants. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Rafferty, Michael) (Entered: 11/29/2011) |
| 12/05/2011 | 86 | ANSWER to 58 Answer to Amended Complaint, Answer to Complaint, Counterclaim,,, *Answer to Counterclaim* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc..(Baldridge, Adam) (Entered: 12/05/2011) |
| 12/06/2011 | 87 | MOTION for Leave to File *Unopposed Motion and Supporting Memorandum for Leave to File Reply in Support of Plaintiffs' First Motion to Compel (Proposed Order Submitted)* by Varsity Brands, Inc.. Varsity Spirit |

| | | |
|---|---|---|
| | | Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A-Proposed Reply)(Baldridge, Adam) (Entered: 12/06/2011) |
| 12/16/2011 | 88 | ORDER granting 87 Motion for Leave to File. Signed by Judge Bernice B. Donald on 12/16/11. (Donald, Bernice) (Entered: 12/16/2011) |
| 12/16/2011 | 89 | REPLY to Response to Motion re 85 Response in Opposition to Motion, */Reply In Support of Plaintiffs' First Motion to Compel* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 12/16/2011) |
| 12/29/2011 | 90 | MOTION for Leave to Appear Special Appearance for THEODORE C. ANDERSON by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) Modified on 1/11/2012 receipt #M4676005600 (proposed order submitted)(agj). (Entered: 12/29/2011) |
| 12/29/2011 | 91 | MOTION for Leave to Appear Specially in a Particular Case for ASHLEY E. TREMAIN by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) Modified on 1/11/2012 receipt #M4676005600 (proposed order submitted) (agj). (Entered: 12/29/2011) |
| 12/29/2011 | 92 | Judge S. Thomas Anderson added as presiding judge; Judge Bernice B. Donald no longer assigned to case. (wro) (Entered: 12/29/2011) |
| 12/29/2011 | 93 | ORDER REFERRING MOTION: 84 First MOTION to Compel *proposed order submitted* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. Signed by Judge S. Thomas Anderson on 12/29/11. (Anderson, S.) (Entered: 12/29/2011) |
| 01/09/2012 | 94 | NOTICE OF SETTING: A MOTION HEARING regarding DE 84 has been set for MONDAY, 1/23/2012 at 10:00 AM in Courtroom 6 - Memphis before Magistrate Judge Charmiane G. Claxton.(bvh) (Entered: 01/09/2012) |
| 01/11/2012 | 95 | ORDER granting 91 Motion for Leave to Appear. Signed by Judge S. Thomas Anderson on 1/11/12. (Anderson, S.) (Entered: 01/11/2012) |
| 01/11/2012 | 96 | ORDER granting 90 Motion for Leave to Appear. Signed by Judge S. Thomas Anderson on 1/11/12. (Anderson, S.) (Entered: 01/11/2012) |
| 01/16/2012 | 97 | SEALED MOTION *TO PRECLUDE TESTIMONY OF PUTATIVE EXPERTS (PROPOSED ORDER SUBMITTED)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Baldridge, Adam) (Entered: 01/16/2012) |
| 01/16/2012 | 98 | MOTION to Extend Deadline *to Disclose Rebuttal Expert Witnesses (Proposed Order Submitted)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion, # 2 Exhibit 1-Defendants's Counsel's Letters, # 3 Exhibit 2-Email Correspondence)(Baldridge, Adam) (Entered: 01/16/2012) |
| 01/20/2012 | 99 | Joint MOTION to Continue *Hearing on Plaintiffs' First Motion to Compel - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, |

| | | |
|---|---|---|
| | | Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 01/20/2012) |
| 01/20/2012 | 100 | ORDER granting 99 Joint Motion to Continue. Hearing continued to February 13, 2012 at 10:00am in courtroom 5. ***TEXT ORDER ONLY*** Signed by Magistrate Judge Charmiane G. Claxton on 1/20/2012. (Claxton, Charmiane) (Entered: 01/20/2012) |
| 01/27/2012 | 101 | MOTION for Extension of Time to File Response/Reply by All Defendants. (Rafferty, Michael) (Entered: 01/27/2012) |
| 01/30/2012 | 102 | ORDER granting 101 Motion for Extension of Time to File Response/Reply. Signed by Judge S. Thomas Anderson on 1/30/12. (Anderson, S.) (Entered: 01/30/2012) |
| 02/10/2012 | 103 | Joint MOTION to Continue *Hearing on Plaintiffs' First Motion to Compel (Proposed Order Submitted)* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 02/10/2012) |
| 02/10/2012 | 104 | ORDER granting 103 Motion to Continue. Hearing is reset to March 21, 2012 at 10am in Courtroom 6. ***TEXT ORDER ONLY*** Signed by Magistrate Judge Charmiane G. Claxton on 2/10/2012. (Claxton, Charmiane) (Entered: 02/10/2012) |
| 02/13/2012 | 105 | RESPONSE in Opposition re 98 MOTION to Extend Deadline *to Disclose Rebuttal Expert Witnesses (Proposed Order Submitted)*, 97 SEALED MOTION *TO PRECLUDE TESTIMONY OF PUTATIVE EXPERTS (PROPOSED ORDER SUBMITTED)* filed by All Defendants. (Rafferty, Michael) (Entered: 02/13/2012) |
| 02/14/2012 | 106 | MOTION to Amend/Correct */Joint Motion and Memorandum to Amend Amended Scheduling Order and Request for New Trial Date - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 02/14/2012) |
| 02/15/2012 | 107 | Order Granting in Part Joint Motion to Amend Scheduling Order and Granting Joint Request for a New Trial Date. Signed by Judge S. Thomas Anderson on 2/15/12. (Anderson, S.) (Entered: 02/15/2012) |
| 02/21/2012 | 108 | MOTION for Leave to File */Unopposed Motion and Supporting Memorandum For Leave To File Reply In Support Of Plaintiffs' Motion To Preclude Testimony of Putative Experts - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A)(Baldridge, Adam) (Entered: 02/21/2012) |
| 02/22/2012 | 109 | ORDER REFERRING MOTIONS: 108 MOTION for Leave to File */Unopposed Motion and Supporting Memorandum For Leave To File Reply In Support Of Plaintiffs' Motion To Preclude Testimony of Putative Experts - Proposed Order Submitted* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc., 98 MOTION to Extend Deadline *to Disclose Rebuttal Expert Witnesses (Proposed Order Submitted)* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity |

| | | Spirit Fashions & Supplies, Inc., 97 SEALED MOTION *TO PRECLUDE TESTIMONY OF PUTATIVE EXPERTS (PROPOSED ORDER SUBMITTED)* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. Signed by Judge S. Thomas Anderson on 2/22/12. (Anderson, S.) (Entered: 02/22/2012) |
|---|---|---|
| 02/23/2012 | 110 | MOTION to Compel by All Defendants. (Rafferty, Michael) (Entered: 02/23/2012) |
| 02/23/2012 | 111 | MOTION for Leave to File Excess Pages by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 02/23/2012) |
| 02/24/2012 | 112 | ORDER REFERRING MOTIONS: 110 MOTION to Compel filed by Star Athletica, LLC, 111 MOTION for Leave to File Excess Pages filed by Star Athletica, LLC. Signed by Judge S. Thomas Anderson on 2/24/12. (Anderson, S.) (Entered: 02/24/2012) |
| 02/28/2012 | 113 | ORDER granting 111 Motion for Leave to File Excess Pages. Signed by Magistrate Judge Charmiane G. Claxton on 2/28/2012. (Claxton, Charmiane) (Entered: 02/28/2012) |
| 02/28/2012 | 114 | First MOTION to Compel *Discovery from Plaintiffs (Brief)* by All Defendants. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Rafferty, Michael) (Entered: 02/28/2012) |
| 03/01/2012 | 115 | NOTICE of Appearance by Bradley E. Trammell on behalf of Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. (Trammell, Bradley) (Entered: 03/01/2012) |
| 03/05/2012 | 116 | ORDER granting 108 Motion for Leave to File. Movant shall file its reply within three (3) days of entry of this order. ***TEXT ORDER ONLY*** Signed by Magistrate Judge Charmiane G. Claxton on 3/5/2012. (Claxton, Charmiane) (Entered: 03/05/2012) |
| 03/05/2012 | 117 | REPLY to Response to Motion re 105 Response in Opposition to Motion, /*Reply in Support of Plaintiffs' Motion to Preclude Testimony of Putative Experts* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 03/05/2012) |
| 03/12/2012 | 118 | MOTION for Leave to File Excess Pages /*Plaintiffs' Unopposed Motion and Memorandum for An Extension of Page Limitation For Their Response In Opposition To Defendant's Motion to Compel Production From Plaintiffs - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit 1) (Baldridge, Adam) (Entered: 03/12/2012) |
| 03/13/2012 | 119 | ORDER REFERRING MOTION: 118 MOTION for Leave to File Excess Pages /*Plaintiffs' Unopposed Motion and Memorandum for An Extension of Page Limitation For Their Response In Opposition To Defendant's Motion to Compel Production From Plaintiffs - Proposed Order Submitted* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions &* |

| | | |
|---|---|---|
| | | *Supplies, Inc.. Signed by Judge S. Thomas Anderson on 3/13/12. (Anderson, S.) (Entered: 03/13/2012)* |
| 03/13/2012 | 120 | NOTICE OF SETTING: A MOTION HEARING regarding DE#s 84, 97, 98 and 110 has been set for WEDNESDAY, 3/21/2012 at 10:00 AM in Courtroom 6 - Memphis before Magistrate Judge Charmiane G. Claxton. (bvh) (Entered: 03/13/2012) |
| 03/19/2012 | 121 | MOTION to Quash */Plaintiffs' Motion to Quash The Subpoenas Issued to Non-Parties Broadway Cheerleading, C.J. Industries, Inc., and Kimbro Manufacturing, Or, In The Alternative, For Protective Order - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Quash The Subpoenas Issued to Non-Parties, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Baldridge, Adam) (Entered: 03/19/2012) |
| 03/20/2012 | 122 | ORDER REFERRING MOTION: 121 MOTION to Quash */Plaintiffs' Motion to Quash The Subpoenas Issued to Non-Parties Broadway Cheerleading, C.J. Industries, Inc., and Kimbro Manufacturing, Or, In The Alternative, For Protective Order - Proposed Order Submitted* filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. Signed by Judge S. Thomas Anderson on 3/20/12. (Anderson, S.) (Entered: 03/20/2012) |
| 03/20/2012 | 123 | ORDER REFERRING MOTION: 114 First MOTION to Compel *Discovery from Plaintiffs (Brief)* filed by Star Athletica, LLC. Signed by Judge S. Thomas Anderson on 3/20/12. (Anderson, S.) (Entered: 03/20/2012) |
| 03/20/2012 | 124 | NOTICE OF RE-SETTING: The MOTION HEARING regarding DE#s 84, 97, 98 and 110 which was for WEDNESDAY, 3/21/2012 at 10:00 AM in Courtroom 6 - Memphis before Magistrate Judge Charmiane G. Claxton has been RE-SET to WEDNESDAY, 3/28/2012 at 10:00 AM in Courtroom 6.*****TEXT ENTRY ONLY - NO IMAGE ASSOCIATED WITH THE NOTICE.*****(bvh) (Entered: 03/20/2012) |
| 03/21/2012 | 125 | Judge Robert H. Cleland added as presiding judge. Judge S. Thomas Anderson no longer assigned to case. (ljf) (Entered: 03/21/2012) |
| 03/28/2012 | 126 | Minute Entry for proceedings held before Magistrate Judge Charmiane G. Claxton: Hearing on Motion to Compel (DE#84), Motion to Compel (DE#110), Motion to Compel (DE#114), Sealed Motion (DE#97), Motion to Extend Deadline (DE#98) and Motion to Quash (DE#121) held on 3/28/2012. Counsel for the parties present. After hearing argument the Court ordered the following: As to DE#84, DE#110 and DE#114-Parties have resolved the issues in the Motions. The movants of each motion are to draft an order, circulate to counsel and submit to the Court within one week for approval and entry. As to DE#97-Parties requested permission for additional briefing. Supplemental briefs are due within two weeks. As to DE#98-Permission to file additional briefs requested. Supplemental briefs due within 10 days. As to DE#121-Parties are to confer on a protective order and submit it to the Court within 5 days. (Plaintiffs Counsel: Adam Baldridge, Bradley Trammell and Grandy |

| | | Garrison. Defense Counsel: Michael Rafferty, Theodore Anderson and Steven Crosby) (Tape #FTR CR6) (cas) (Entered: 03/30/2012) |
|---|---|---|
| 04/04/2012 | 127 | ORDER granting in part and denying in part 121 Motion to Quash. Signed by Magistrate Judge Charmiane G. Claxton on 4/4/2012. (Claxton, Charmiane) (Entered: 04/04/2012) |
| 04/09/2012 | 128 | MEMORANDUM in Support re 98 MOTION to Extend Deadline *to Disclose Rebuttal Expert Witnesses (Proposed Order Submitted) Supplemental Brief in support of Motion to Extend* filed by All Plaintiffs. (Baldridge, Adam) (Entered: 04/09/2012) |
| 04/11/2012 | 129 | MEMORANDUM in Support re 97 SEALED MOTION *TO PRECLUDE TESTIMONY OF PUTATIVE EXPERTS (PROPOSED ORDER SUBMITTED) /Plaintiffs' Supplemental Brief in Support of Their Motion to Preclude Testimony of Putative Experts* filed by All Plaintiffs. (Baldridge, Adam) (Entered: 04/11/2012) |
| 04/12/2012 | 130 | RESPONSE in Opposition re 97 SEALED MOTION *TO PRECLUDE TESTIMONY OF PUTATIVE EXPERTS (PROPOSED ORDER SUBMITTED) (Supplemental)* filed by All Defendants. (Rafferty, Michael) (Entered: 04/12/2012) |
| 04/23/2012 | 131 | ORDER Setting Telephone Status Conference and Directing Counsel to Submit Case Summary, ( Telephone Status Conference set for 5/10/2012 11:00 AM (EST) before Robert H. Cleland.) THE COURT WILL INITIATE THE CALL. Signed by Robert H. Cleland on 4/23/12. (lgw) (Entered: 04/23/2012) |
| 04/24/2012 | 132 | ORDER denying 84 Motion to Compel. Signed by Magistrate Judge Charmiane G. Claxton on 04/28/2012. (Claxton, Charmiane) (Entered: 04/24/2012) |
| 04/24/2012 | 133 | ORDER DENYING 110 , 114 Defendant's First Motion to Compel. Signed by Magistrate Judge Charmiane G. Claxton on 04/24/2012. (Claxton, Charmiane) (Entered: 04/24/2012) |
| 05/07/2012 | 134 | NOTICE by Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. */Case Summary* (Baldridge, Adam) (Entered: 05/07/2012) |
| 05/08/2012 | 135 | NOTICE by Star Athletica, LLC re 134 Notice (Other), 131 Order, Set Deadlines/Hearings., *Supplemental Case Summary* (Rafferty, Michael) (Entered: 05/08/2012) |
| 05/10/2012 | 136 | Minute Entry for proceedings held before Robert H. Cleland: Telephone Conference held on 5/10/2012. Disposition: After the order is entered on the pending motions, a telephone conference will be rescheduled to discuss the schedule. (lgw) (Entered: 05/11/2012) |
| 05/11/2012 | 137 | ORDER denying 97 Sealed Motion; granting 98 Motion to Extend Deadline. Signed by Magistrate Judge Charmiane G. Claxton on 05/11/2012. (Claxton, Charmiane) (Entered: 05/11/2012) |
| 05/25/2012 | 138 | |

APP 043

| | | |
|---|---|---|
| | | Sealed Document *Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Motion to Preclude Testimony of Putative Experts.* (Baldridge, Adam) (Entered: 05/25/2012) |
| 05/30/2012 | 139 | SETTING LETTER: TELEPHONE Status Conference set for 6/4/2012 02:30 PM (EST) before Robert H. Cleland. (Plaintiffs' counsel to initiate the call) (lgw) (Entered: 05/30/2012) |
| 06/04/2012 | 140 | Minute Entry for proceedings held before Robert H. Cleland: Telephone Conference held on 6/4/2012. Defendant to submit response to plaintiffs' objections to the magistrate judge's order by 6/11/2012. (lgw) (Entered: 06/04/2012) |
| 06/12/2012 | 141 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Star Athletica, LLC re 138 Sealed Document (Crosby, Steven) (Entered: 06/12/2012) |
| 06/14/2012 | 142 | MOTION to Strike 141 Appeal of Magistrate Judge Decision to District Court - *proposed order submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 06/14/2012) |
| 06/14/2012 | 143 | MOTION for Extension of Time to File Response/Reply by Star Athletica, LLC. (Crosby, Steven) (Entered: 06/14/2012) |
| 06/14/2012 | 144 | Sealed Document - *Plaintiffs' Reply in Support of Its Objections to Magistrate Judge's Order Denying Plaintiffs' Motion to Preclude Testimony of Putative Experts.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baldridge, Adam) (Entered: 06/14/2012) |
| 06/15/2012 | 145 | RESPONSE in Opposition re 143 MOTION for Extension of Time to File Response/Reply filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 06/15/2012) |
| 06/18/2012 | 146 | MOTION for Leave to File *Sur-reply to D.E. # 144* by Star Athletica, LLC. (Attachments: # 1 Exhibit Sur-reply to D.E. #144 and J&M Court Transcripts) (Crosby, Steven) (Entered: 06/18/2012) |
| 06/20/2012 | 147 | RESPONSE in Opposition re 146 MOTION for Leave to File *Sur-reply to D.E. # 144 /Plaintiffs' Opposition to Defendant's Motion for Leave to File Sur-Reply to Plaintiffs' Objections - Proposed Order Submitted* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 06/20/2012) |
| 06/21/2012 | 148 | OPINION AND ORDER DENYING 146 MOTION for Leave to File Sur-Reply, OVERRULING 138 Plaintiffs' Objections Sealed Document, GRANTING 143 MOTION for Extension of Time to File Response/Reply DENYING 142 MOTION to Strike and Setting ( Telephone Status Conference set for 8/1/2012 11:00 AM [CST] in Courtroom 7 - Memphis before U.S. District Judge Robert H. Cleland.). Signed by U.S. District Judge Robert H. Cleland on 6/21/2012. (lgw) (Entered: 06/21/2012) |
| 07/26/2012 | 149 | |

| | | SEALED MOTION *to Strike the Second Supplemental Expert Report of Antonio Sarabia II - proposed order submitted* - by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Baldridge, Adam) (Entered: 07/26/2012) |
|---|---|---|
| 07/31/2012 | | Set Deadlines/Hearings: TIME CHANGE ONLY - - Telephone Status Conference reset for 8/1/2012 09:00 AM before U.S. District Judge Robert H. Cleland. (lgw) (Entered: 07/31/2012) |
| 08/01/2012 | 150 | Minute Entry for proceedings held before U.S. District Judge Robert H. Cleland: Telephone Conference held on 8/1/2012. Disposition: Order to be entered setting briefing schedule and motion deadlines. (lgw) (Entered: 08/01/2012) |
| 08/07/2012 | 151 | ORDER Setting Briefing Schedule for Plaintiff's Motion to Strike Supplemental Expert Report Response due by 8/20/2012, reply if any by 8/14/2012 and, (Dispositive Motions due by 10/26/2012.),. Signed by U.S. District Judge Robert H. Cleland on 8/07/12. (lgw) (Entered: 08/07/2012) |
| 08/10/2012 | 152 | SEALED RESPONSE to Motion re 149 SEALED MOTION *to Strike the Second Supplemental Expert Report of Antonio Sarabia II - proposed order submitted* - filed by All Defendants. (Attachments: # 1 Exhibit Deposition of Joe Long)(Crosby, Steven) (Entered: 08/10/2012) |
| 08/14/2012 | 153 | SEALED REPLY to Response to Motion re 152 Sealed Response to Motion, */Plaintiffs' Reply in Support of Plaintiffs' Motion to Strike Defendant's Supplemental Expert Report of Antonio Sarabia II* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit 1)(Baldridge, Adam) (Entered: 08/14/2012) |
| 08/22/2012 | 154 | NOTICE to Take Deposition of Gabriele Goldaper by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc..(Baldridge, Adam) (Entered: 08/22/2012) |
| 08/22/2012 | 155 | NOTICE to Take Deposition of Antonio Sarabia II by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc..(Baldridge, Adam) (Entered: 08/22/2012) |
| 08/23/2012 | 156 | ORDER denying 149 Sealed Motion. Signed by U.S. District Judge Robert H. Cleland on 8/23/12. (lgw) (Entered: 08/23/2012) |
| 09/20/2012 | 157 | STIPULATION *For Expert Deposition Deadlines and Dispositive Motion Deadline* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Baldridge, Adam) (Entered: 09/20/2012) |
| 09/23/2012 | 158 | ORDER Setting Expert Deposition Deadlines and Dispositive Motion Deadlines 157 Stipulation filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.., ( Motions due by 12/7/2012.). Signed by U.S. District Judge Robert H. Cleland on 9/23/2012. (lgw) (Entered: 09/23/2012) |
| 10/05/2012 | 159 | |

| | | STIPULATION - *JOINT STIPULATION FOR EXPERT DEPOSITION DEADLINES AND DISPOSITIVE MOTION DEADLINE* - by Star Athletica, LLC, Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Crosby, Steven) (Entered: 10/05/2012) |
|---|---|---|
| 11/13/2012 | 160 | ORDER re 159 Stipulation filed by Varsity Spirit Corporation, Star Athletica, LLC, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc. Setting Expert Depositions and Extending the Dispositive Motion Deadline, ( Expert Depositions due by 12/21/2012, Dispositive Motions due by 1/29/2013.). Signed by U.S. District Judge Robert H. Cleland on 11/13/2012. (lgw) (Entered: 11/13/2012) |
| 11/30/2012 | 161 | NOTICE by Star Athletica, LLC *To Take Deposition of SUSAN SCAFIDI on December 6, 2012* (Crosby, Steven) (Entered: 11/30/2012) |
| 12/14/2012 | 162 | NOTICE by Star Athletica, LLC *Notice of Deposition of Frances Harder to be Taken on December 21, 2012 at 9am CST in Memphis* (Crosby, Steven) (Entered: 12/14/2012) |
| 01/03/2013 | 163 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 162 Notice (Other) filed by Star Athletica, LLC, 161 Notice (Other) filed by Star Athletica, LLC has been filed. For future reference, please note that under the 'discovery category' is the option for 'notice to take deposition'. Thanks.. Please refer to the ECF User Manual and ECF Policies and Procedures. Filer is not required to resubmit document. (jml) (Entered: 01/03/2013) |
| 01/04/2013 | | Set Deadlines/Hearings: TELEPHONE Status Conference set for 1/9/2013 11:30 AM EST before U.S. District Judge Robert H. Cleland. (Plaintiffs' counsel to initiate the call) (lgw) (Entered: 01/04/2013) |
| 01/09/2013 | 164 | Minute Entry for proceedings held before U.S. District Judge Robert H. Cleland: Telephone Conference held on 1/9/2013. Parties have agreed to a briefing schedule which the Court approves, order to be entered. (lgw) (Entered: 01/10/2013) |
| 01/15/2013 | 165 | ORDER Setting Summary Judgment Briefing Schedule and Establishing Page Limits. (Defendant's Motion for Summary Judgment due by 1/31/2013; Plaintiffs' Response and Motion for Summary Judgment due by 3/4/2013; Defendant's Reply due by 4/8/2013, and Plaintiffs' Sur-Reply due by 4/26/2013.). Signed by U.S. District Judge Robert H. Cleland on 1/15/2013. (lgw) (Entered: 01/15/2013) |
| 01/23/2013 | 166 | MOTION to Amend/Correct 165 Order, Set Scheduling Order Deadlines., *to Revise Briefing Schedule* by All Defendants. (Rafferty, Michael) (Entered: 01/23/2013) |
| 01/30/2013 | 167 | ORDER GRANTING 166 UNOPPOSED MOTION to Amend/Correct 165 Order to Extend Briefing Deadlines filed by Star Athletica, LLC, ( Defendant's Motions due by 2/28/2013; Plaintiffs' Response due by 4/2/2013; Defendant's Reply due by 5/6/2013, and Sur-Reply due by 5/24/2013). Signed by U.S. District Judge Robert H. Cleland on 1/30/2013. (lgw) (Entered: 01/30/2013) |

| 02/28/2013 | 168 | First SEALED MOTION *FOR SUMMARY JUDGMENT* by All Defendants. (Crosby, Steven) (Entered: 02/28/2013) |
| 02/28/2013 | 169 | First SEALED MOTION *FOR SUMMARY JUDGMENT* by All Defendants. (Attachments: # 1 Memorandum IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, # 2 Affidavit IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, # 3 Affidavit IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, # 4 Exhibit STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT) (Crosby, Steven) (Entered: 02/28/2013) |
| 02/28/2013 | 170 | First SEALED MOTION *JOINT STATEMENT OF UNDISPUTED FACTS* by All Parties. (Crosby, Steven) (Entered: 02/28/2013) |
| 04/02/2013 | 171 | NOTICE by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. */Notice of Filing Physical Exhibits* (Baldridge, Adam) (Entered: 04/02/2013) |
| 04/02/2013 | 172 | SEALED MOTION *for Summary Judgment* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Memorandum in Support of Motion for Summary Judgment and Response in Opposition to Star's Motion for Summary Judgment, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Baldridge, Adam) (Entered: 04/02/2013) |
| 04/02/2013 | 173 | Sealed Document */Statement of Undisputed Facts.* (Attachments: # 1 Exhibit a. # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit L, # 12 Exhibit M)(Baldridge, Adam) (Entered: 04/03/2013) |
| 04/03/2013 | 174 | SEALED RESPONSE to Motion re 170 First SEALED MOTION *JOINT STATEMENT OF UNDISPUTED FACTS /Varsity's Response to Star Athletica's Statement of Undisputed Facts for Motion for Summary Judgment* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Baldridge, Adam) (Entered: 04/03/2013) |
| 04/03/2013 | 175 | Sealed Document */Notice of Errata for Corrected Exhibits to Varsity's Statement of Undisputed Facts (Dkt. No. 174).* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Baldridge, Adam) (Entered: 04/03/2013) |
| 05/07/2013 | 176 | SEALED RESPONSE to Motion re 172 SEALED MOTION *for Summary Judgment* filed by All Defendants. (Attachments: # 1 Exhibit, # 2 Memorandum, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Rafferty, Michael) (Entered: 05/07/2013) |
| 05/24/2013 | 177 | SEALED REPLY to Response to Motion re 176 Sealed Response to Motion - *Plaintiffs' Sur-Reply in Support of Its Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, |

| | | Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Baldridge, Adam) (Entered: 05/24/2013) |
|---|---|---|
| 05/24/2013 | 178 | Sealed Document - *Reply to Selected Responses of Star Athletica's Response to Varsity's Statement of Undisputed Facts for Motion for Summary Judgment.* (Baldridge, Adam) (Entered: 05/24/2013) |
| 06/29/2013 | 179 | RESPONSE in Opposition re 172 SEALED MOTION *for Summary Judgment Objection to Exp Test'y of Law Prof. Scafidi* filed by All Defendants. (Attachments: # 1 Memorandum, # 2 Affidavit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Rafferty, Michael) (Entered: 06/29/2013) |
| 06/29/2013 | 180 | RESPONSE in Opposition re 172 SEALED MOTION *for Summary Judgment Obj'n to Exp Test'y of Frances Harder* filed by All Defendants. (Attachments: # 1 Memorandum, # 2 Affidavit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Rafferty, Michael) (Entered: 06/29/2013) |
| 06/29/2013 | 181 | RESPONSE in Opposition re 168 First SEALED MOTION *FOR SUMMARY JUDGMENT,* 172 SEALED MOTION *for Summary Judgment Obj'n to V's Sublimated Mtls* filed by All Defendants. (Attachments: # 1 Memorandum, # 2 Affidavit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Rafferty, Michael) (Entered: 06/29/2013) |
| 07/12/2013 | 182 | Sealed Document /*Plaintiffs' Opposition to Defendant's Objection to Varsity's Submission of Sublimated Materials in Connection with the Parties' Cross-Motions for Summary Judgment.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Baldridge, Adam) (Entered: 07/12/2013) |
| 07/15/2013 | 183 | Sealed Document /*Plaintiffs' Opposition to Defendant's Objection to the Testimony of Frances Harder.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Baldridge, Adam) (Entered: 07/15/2013) |
| 07/16/2013 | 184 | Sealed Document /*Plaintiffs' Opposition to Defendant's Objection to the Testimony of Susan Scafidi.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Baldridge, Adam) (Entered: 07/16/2013) |
| 07/19/2013 | 185 | SEALED MOTION . MOTION for Leave to File *Reply Memorandum to Varsity's Response to Star's Objections to Submission of Sublimated Material* by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 07/19/2013) |
| 07/22/2013 | 186 | SEALED MOTION *for Leave to file Reply to Response to Objection to Expert Testimony of Frances Harder* by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 07/22/2013) |
| 07/23/2013 | 187 | SEALED MOTION *for Leave to File Reply to Varsity's Response to Star's Objection to Expt Test'y of Susan Scafidi* by All Defendants. (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 07/23/2013) |
| 07/24/2013 | 188 | ORDER granting 185 Defendant's Motion for Leave to File Reply Memorandum. Signed by U.S. District Judge Robert H. Cleland on 7/24/13. (lgw) (Entered: 07/24/2013) |
| | | |

| 07/24/2013 | 189 | Sealed Document *Star's Reply to Varsity's Response to Objection to Submission of Sublimated Material (D.E. #181)*. (Rafferty, Michael) (Entered: 07/24/2013) |
| --- | --- | --- |
| 07/25/2013 | 190 | TEXT ONLY ORDER granting 186 Sealed Motion to File a Reply Brief; granting 187 Sealed Motion to File a Reply Brief limited to five (5) pages. Signed by U.S. District Judge Robert H. Cleland on 7/25/2013. (lgw) (Entered: 07/25/2013) |
| 07/25/2013 | 191 | Sealed Document *Star's Reply to Varsity's Response to Objection to Expt Test'y of Frances Harder*. (Rafferty, Michael) (Entered: 07/25/2013) |
| 07/25/2013 | 192 | Sealed Document *Reply to Varsity's Response to Objtn to Expt Test'y of Susan Scafidi*. (Rafferty, Michael) (Entered: 07/25/2013) |
| 07/29/2013 | 193 | Sealed Document */Notice of Errata for Exhibit B to Declaration of Kimberly Williams (Dkt. No. 175-2)*. (Attachments: # 1 Exhibit B to Declaration of Kimberly Williams)(Baldridge, Adam) (Entered: 07/29/2013) |
| 07/31/2013 | 194 | SEALED MOTION */Plaintiffs' Unopposed Motion for Leave to File Sur-Replies in Support of Oppositions to Star's Objections - Proposed Order Submitted* by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baldridge, Adam) (Entered: 07/31/2013) |
| 08/19/2013 | 195 | SEALED MOTION *to Amend Briefing Schedule to File Supplemental Memorandum as to Varsity's 3d and 4th Claims of Copyright Infringement* by All Defendants. (Attachments: # 1 Exhibit, # 2 Affidavit, # 3 Exhibit, # 4 Exhibit)(Rafferty, Michael) (Entered: 08/19/2013) |
| 08/21/2013 | 196 | MOTION to Amend/Correct 195 SEALED MOTION *to Amend Briefing Schedule to File Supplemental Memorandum as to Varsity's 3d and 4th Claims of Copyright Infringement to Amend Declaration of Steven Crosby and Exhibt A to the Motion*, SEALED MOTION by All Defendants. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Rafferty, Michael) (Entered: 08/21/2013) |
| 08/30/2013 | 197 | SEALED RESPONSE to Motion re 196 MOTION to Amend/Correct 195 SEALED MOTION *to Amend Briefing Schedule to File Supplemental Memorandum as to Varsity's 3d and 4th Claims of Copyright Infringement to Amend Declaration of Steven Crosby and Exhibt A to the Motion /Varsity's Opposition to Star's Motion to Modify Briefing Schedule - Proposed Order Submitted* filed by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Baldridge, Adam) (Entered: 08/30/2013) |
| 12/19/2013 | 198 | ORDER DENYING 194 Plaintiffs' Unopposed Sealed Motion for Leave to File Sur-Replies; DENYING 195 Defendant's Motion to Amend Briefing Schedule and DENYING AS MOOT 196 Defendant's Motion to Amend/Correct:. Signed by U.S. District Judge Robert H. Cleland on 12/19/2013. (lgw) (Entered: 12/19/2013) |
| 03/01/2014 | 199 | |

| | | |
|---|---|---|
| | | OPINION AND ORDER GRANTING IN PART AND DENYING IN PART 169 Defendant's Motion for Summary Judgment, DENYING 172 Plaintiff's Motion for Summary Judgment and DISMISSING WITHOUT PREJUDICE Plaintiff's State Law Claims. Signed by U.S. District Judge Robert H. Cleland on 3/1/2014. (lgw) (Entered: 03/01/2014) |
| 03/01/2014 | 200 | JUDGMENT in favor of Star Athletica, LLC against Varsity Brands, Inc., Varsity Spirit Corporation. Signed by U.S. District Judge Robert H. Cleland on 3/1/2014. (lgw) (Entered: 03/01/2014) |
| 03/05/2014 | 201 | NOTICE OF APPEAL as to 199 Order on Sealed Motion,,, 200 Judgment by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc.. Filing fee $ 505, receipt number 0651-1862386. Appeal Record due by 3/31/2014. (Baldridge, Adam) (Entered: 03/05/2014) |
| 03/06/2014 | 202 | USCA Case Number 14-5237 for 201 Notice of Appeal, filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. (jae) Modified on 3/11/2014 to correct appeal case number(jae). (Entered: 03/06/2014) |
| 03/13/2014 | 203 | ORDER Directing the Clerk's Office to Provide Sealed Documents to Counsel of Record. Signed by U.S. District Judge Robert H. Cleland on 3/13/2014. (Cleland, Robert) (Entered: 03/13/2014) |
| 03/17/2014 | 204 | MOTION for Attorney Fees by All Defendants. (Attachments: # 1 Memorandum, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit, # 6 Affidavit, # 7 Affidavit, # 8 Affidavit)(Rafferty, Michael) Motion and attachments placed under seal at request of filer on 3/19/2014 (cbs). (Entered: 03/17/2014) |
| 03/18/2014 | 205 | ORDER denying 204 Defendant's Motion for Attorney Fees. Signed by U.S. District Judge Robert H. Cleland on 3/18/2014. (lgw) (Entered: 03/18/2014) |
| 03/18/2014 | 206 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT for dates of March 28, 2012, Motion Hearing before Judge Charmiane G. Claxton, re 201 Notice of Appeal, Court Reporter Lynn Dudley, Telephone number (901)525-1023. Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in this matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript, and twenty-one (21) calendar days to file a Request for Redaction. Redaction is the responsibility of the attorneys and pro se litigants who attended the hearing to which the transcription applies. Each party is responsible for reviewing and requesting redaction of testimony of witnesses that were called for the party and for that party's own statements. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal.. Notice of Intent to Request Redaction due 4/8/2014. Redaction Request due 4/8/2014. Release of Transcript Restriction set for 6/16/2014. (Dudley, Lynn) (Entered: 03/18/2014) |
| 03/31/2014 | 207 | |

| | | BILL OF COSTS by Star Athletica, LLC. (Attachments: # 1 Exhibit)(Conway, Kannon) (Entered: 03/31/2014) |
|---|---|---|
| 04/02/2014 | 208 | NOTICE OF TAXATION OF COSTS HEARING before the Clerk of Court, Thomas M. Gould, on Thursday, April 24, 2014 at 12:00 PM; re 207 Bill of Costs (Wherry, Tracy) (Entered: 04/02/2014) |
| 04/17/2014 | 209 | NOTICE by Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. re 207 Bill of Costs /Varsity's Response and Exception to Star's Bill of Costs (Baldridge, Adam) (Entered: 04/17/2014) |
| 04/24/2014 | 210 | NOTICE by Kerry Leake, Star Athletica, LLC, Varsity Brands, Inc., Varsity Spirit Corporation, Varsity Spirit Fashions & Supplies, Inc. of Parties' Agreement as to Assessment of Costs (Conway, Kannon) (Entered: 04/24/2014) |
| 04/24/2014 | 211 | NOTICE of Cancelation of hearing on Bill of Costs before the Clerk of Court, Thomas M. Gould, on April 24, 2014; re 207 Bill of Costs (Wherry, Tracy) (Entered: 04/24/2014) |
| 06/09/2014 | 212 | TRANSCRIPT RELEASE NOTICE:

By Administrative Order 2008-35 the United States District Court for the Western District of Tennessee implemented a policy regarding remote access to electronic transcripts. Pursuant to that policy, as well as Civil Rule 5.2 and Criminal Rule 49.1, each party's attorney is required to review a transcript for information that should be redacted pursuant to the Judicial Conference's privacy policy which requires that Social Security numbers be redacted to show only the last four digits; birth dates should contain only the year of birth; individuals known to be minors should be referred to with initials; and financial account numbers should be redacted to the last four digits. Additionally, in criminal case files, home addresses should reveal only the city and state of residence.

Our records indicate that the 90-day restriction on public access to an electronic transcript(s) in this matter will lapse within 10 days. If a redaction request is required but has not been filed, please do so immediately. Please feel free to contact our office for further guidance on this issue. Document 206 : Release Date: 06/16/2014. (smm) (Entered: 06/09/2014) |
| 07/08/2014 | 213 | NOTICE by Star Athletica, LLC of Filing of Exhibits to SJ Motion (Attachments: # 1 Exhibit)(Rafferty, Michael) (Entered: 07/08/2014) |
| 12/01/2014 | 214 | ORDER of USCA as to 201 Notice of Appeal, filed by Varsity Spirit Corporation, Varsity Brands, Inc., Varsity Spirit Fashions & Supplies, Inc.. The motion to seal the brief is DENIED. (jld) (Entered: 12/01/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/05/2015 13:19:10 | | |
| hs0118:2563167:0 | Client Code: | 999 |

APP 051
1/5/2015

| PACER Login: | | | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:10-cv-02508-RHC-cgc |
| Billable Pages: | 16 | Cost: | 1.60 |

APP 052

# STAR'S SUMMARY JUDGMENT EXHIBITS

Star filed certain exhibits under seal in connection with the parties' cross-motions for summary judgment. *See* RE#169, PgID 2135, Star's SJ Memo'm and RE#176, PgID 3218, Star's Resp. to SUMF. Star's summary judgment exhibits consisted of certain cheerleading uniforms and two (2) separate CD-ROMs, because they could not be filed electronically. *See* RE#213, PageID 4452-55, Notice of Filing of Exhibits in Support of Star's Mot. for Summary Judgment.

Star's summary judgment exhibits are on-file with the Clerk of the United States District Court for the Western District of Tennessee, located in the file room and the exhibit cabinet. Copies of the following summary judgment exhibits referenced in the Brief of Appellee Star Athletica, LLC, are being contemporaneously filed with the Court of Appeals via CD-ROMs:

1.  **Exhibits filed via CD-ROM in support of Star's Motion for Summary Judgment (RE#169, PgID 2135, Star's SJ Memo'm):**

    a.  **Exhibit 1**, Copyright registration 905 for design 0815.
    b.  **Exhibit 2**, Copyright registration 427 for design 078.
    c.  **Exhibit 3**, Copyright registration 535 for design 074.
    d.  **Exhibit 4**, Copyright registration 228 for design 299A.
    e.  **Exhibit 5**, Copyright registration 226 for design 299B.
    f.  **Exhibit 13**, Varsity Design Specs VSC 272286-WS074RA.
    g.  **Exhibit 14**, Varsity Design Specs VSC 27290-WS078FA.
    h.  **Exhibit 15**, Varsity Design Specs VSC 27295-WS299A.
    i.  **Exhibit 17**, Exhibit 7 to the Deposition of Gary Spencer (2012 Varsity quality assurance and construction guidelines).
    j.  **Exhibit 21**, Exhibit 16 to the Deposition of Jeff Webb (excerpt from Varsity's 2010 catalog).
    k.  **Exhibit 22**, Exhibit 4 to the Deposition of Jeff Webb (excerpts from Varsity's 2008 catalog).
    l.  **Exhibit 35**, excerpts from Varsity's 2013 catalog.
    m.  **Exhibit 43**, excerpts from the Deposition of Kim Williams.
    n.  **Exhibit 44**, excerpts from the Deposition of Gary Spencer.
    o.  **Exhibit 46**, excerpts from the Deposition of Kerry Leake.
    p.  **Exhibit 48**, excerpts from the Deposition of Frances Harder.
    q.  **Exhibit 52**, excerpts from the Deposition of Joseph Long.

2.     Exhibits filed via CDROM in support of Star's Motion for Summary Judgment, RE#176, PgID 3218, Star's Resp. to SUMF:

a. **Exhibit A**, excerpts from the Deposition of Frances Harder.
b. **Exhibit C**, excerpts from Varsity's 2009 catalog.
c. **Exhibit E**, excerpts from the Deposition of Joseph Long.
d. **Exhibit F**, Supplemental Declaration Antonio Sarabia.
e. **Exhibit G**, excerpts from the Deposition of Gary Spencer.
f. **Exhibit H**, excerpts from Varsity's 2008 catalog.
g. **Exhibit I**, excerpts from Varsity's 2007 catalog.
h. **Exhibit J**, excerpts from Varsity's 1999 catalog.
i. **Exhibit K**, excerpts from the Deposition of Amy Bailey.
j. **Exhibit N**, VSC036172 (sizing chart for adult shell tops).
k. **Exhibit O**, VSC036195 (measuring for specific garments information)
l. **Exhibit P**, VSC035797 (conducting an effective sizing appointment informational packet).
m. **Exhibit U**, excerpts from the Deposition of Kimberly Williams.
n. **Exhibit X**, Thomas Kjellberg's January 28, 2009 letter to the Copyright Office.
o. **Exhibit BB**, Supplemental Declaration of Gabriele Goldaper.
p. **Exhibit CC**, Declaration of Joseph Long.

APP 054

COMPENDIUM II

COMPENDIUM

OF

COPYRIGHT OFFICE PRACTICES

Under the Copyright Law Which
Became Fully Effective on
January 1, 1978, Including
Title 17 of the United States
Code and Amendments Thereto

COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS
WASHINGTON, D. C. 20559

1984

APP 055

This Compendium (designated as Compendium II) reflects Copyright Office practices under the copyright law which became fully effective on January 1, 1978, including Title 17 of the United States Code and amendments thereof.

An earlier Compendium (now called Compendium I) was issued a number of years ago to reflect Copyright Office practices under the Copyright Act of 1909, as amended. Compendium I applies to Copyright Office actions, in situations which it covers, where the provisions of the Copyright Act of 1909, as amended, are dispositive.

The Compendium is a manual intended primarily for the use of the staff of the Copyright Office as a general guide to its examining and related practices. It is not a book of rules that is meant to provide a ready-made answer to all questions that arise. Any new case presented to the Office may require special analysis.

The practices of the Copyright Office are subject to constant review and modification in the light of new experience and continuing reappraisal. Accordingly, additions, deletions, and other amendments will be made from time to time. The Copyright Office will provide an up-to-date copy of the Compendium for public inspection and copying. The Office will likewise maintain a separate record of all material withdrawn from the Compendium as superseded.

Section 201.1(b)(3) of the Copyright Office Regulations, Title 37 of the Code of Federal Regulations, which are authorized under section 702 of the current copyright law, provides for a compendium of Office practices.

Copies of Compendium II are available for purchase from the Superintendent of Documents, United States Government Printing Office, as a looseleaf publication; amendments and supplements will be published by the Superintendent of Documents in the form of additional or replacement pages as such changes are made.

Copies of the earlier Compendium (Compendium I) may be purchased from the National Technical Information Service, United States Department of Commerce.

-ooo-

[1984]

APP 056

Chapter 500

501          Pictorial graphic and sculptural works: in
             general.

    501.01       Forms of embodiment.

502          Works of art.

503          Registration requirements for drawings, paintings,
             other pictorial works, and sculpture.

    503.01       Style and artistic merit.
    503.02       Copyrightable pictorial, graphic, and sculp-
                 tural expression.
    503.03       Works not capable of supporting a copyright
                 claim.

504          Registration requirements for two-dimensional
             useful articles, three-dimensional works of
             artistic craftsmanship, and models.

    504.01       Material not subject to registration.
    504.02       Examples.

505          Registration requirements for the shapes of three-
             dimensional useful articles.

    505.01       Definition of useful article.
    505.02       Separability test.
    505.03       Separability test: conceptual basis.
    505.04       Separability test: physical basis.
    505.05       Separability test: factors not relevant in
                 determining registrability.

506          Prints.

    506.01       Registration requirements.
    506.02       Pictorial or graphic material.
    506.03       Uncopyrightable elements.

- i -

[1984]

APP 057

507            Reproductions of pictorial, graphic, or sculp-
               tural works.

    507.01        Registration requirements.
    507.02        Derivative works.
    507.03        Reproductions not capable of supporting a
                  registration.

508            Photographs, holograms, and individual slides.

    508.01        Registration requirements.
    508.02        Uncopyrightable works.

509            Maps.

    509.01        Registration requirements.
    509.02        Compilations and derivative works.
    509.03        Elements not capable of supporting a copyright.

510            Scientific works: architectural and technical
               drawings and models.

    510.01        Registration requirements.
    510.02        Uncopyrightable works.
    510.03        Ideas, processes, or systems.
    510.04        Subjects depicted.

APP 058

501 **Pictorial, graphic, and sculptural works: in general.** The copyright law defines "pictorial, graphic and sculptural works" as including two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, technical drawings, diagrams, and models. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article. See 17 U.S.C. 101.

501.01 **Forms of embodiment.** Registrable pictorial, graphic, or sculptural authorship may be embodied in a wide variety of forms. These include works of fine, graphic, and applied art; prints; photographs, holograms and individual slides; art reproductions; maps, globes, and charts; architectural and technical drawings; diagrams, patterns, models, and the like, and advertisements. Motion pictures, film strips, slide presentations, and other audiovisual works are not "pictorial works" for the purpose of registration.

502 **Works of art.** These include works of the fine arts, such as paintings, other pictorial works, and sculpture, as well as works of artistic craftsmanship, such as jewelry, glassware, ceramic figurines, table service patterns, wall plaques, grave markers, toys, dolls, stuffed toy animals, models, and the separable artistic features of two-dimensional and three-dimensional useful articles.

APP 059

503     Registration requirements for drawings, paintings, other pictorial works, and sculpture. Generally, in order to be entitled to registration, such works must contain original pictorial, graphic, or sculptural authorship. If the work consists entirely of uncopyrightable elements, registration is not authorized. On the other hand, the mere presence of uncopyrightable elements in a work will not prevent registration on the basis of features that are copyrightable under the statute. Thus a design, otherwise original, may be registrable even though it incorporates uncopyrightable standard forms, such as circles and squares.

503.01     Style and artistic merit. The registrability of a work of the traditional fine arts is not affected by the style of the work or the form utilized by the artist. Thus, the form of the work can be representational or abstract, naturalistic or stylized. Likewise, the registrability of a work does not depend upon artistic merit or aesthetic value. For example, a child's drawing may exhibit a very low level of artistic merit and yet be entitled to registration as a pictorial work.

503.02     Copyrightable pictorial, graphic, and sculptural expression. A claim to copyright in a work of the traditional fine arts will be registrable if the work contains at least a certain minimum amount of pictorial, graphic, or sculptural expression owing its origin to the author. If the expression is pictorial, the authorship could be expressed, for example, in the linear contours of a drawing, the assemblage of diverse fragments forming a collage, or the arrangement and juxtaposition of pieces of colored stone in a mosaic portrait. If the expression is sculptural, the authorship could, for example, be expressed by means of carving, cutting, molding, casting, shaping, or otherwise processing the material into a three-dimensional work of sculpture.

[1984]

APP 060

503 Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)

503.02 Copyrightable pictorial, graphic, and sculptural expression. (cont'd)

503.02(a) Minimal standards: pictorial or graphic material. A certain minimal amount of original creative authorship is essential for registration in Class VA or in any other class. Copyrightability depends upon the presence of creative expression in a work, and not upon aesthetic merit, commercial appeal, or symbolic value. Thus, registration cannot be based upon the simplicity of standard ornamentation such as chevron stripes, the attractiveness of a conventional fleur-de-lys design, or the religious significance of a plain, ordinary cross. Similarly, it is not possible to copyright common geometric figures or shapes such as the hexagon or the ellipse, a standard symbol such as an arrow or a five-pointed star. Likewise, mere coloration cannot support a copyright even though it may enhance the aesthetic appeal or commercial value of a work. For example, it is not possible to copyright a new version of a textile design merely because the colors of red and blue appearing in the design have been replaced by green and yellow, respectively. The same is true of a simple combination of a few standard symbols such as a circle, a star, and a triangle, with minor linear or spatial variations.

Examples:

1) An unpublished design for textile fabric is submitted for registration in Class VA. The design consists of a standard unembellished

APP 061

503     Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)

503.02     Copyrightable pictorial, graphic, and sculptural expression. (cont'd)

503.02(a)     Minimal standards: pictorial or graphic material. (cont'd)

Examples: (cont'd)

1) (cont'd)

character of Chinese calligraphy painted upon horizontally striated grass cloth. Practice: Registration is not authorized in this case. Like typography, calligraphy is not copyrightable as such, notwithstanding the effect achieved by calligraphic brush strokes across a striated surface.

2) An applicant for registration has developed a novelty item consisting of transparently clear plastic sheets bonded together around their periphery, and having a small amount of colored liquid petroleum in the air space between the laminated sheets. Any slight pressure upon the external surface results in the formation of undulating patterns and shapes, no two of which are ever identical. Practice: Since the specific outlines and contours of the patterns and shapes formed by the liquid petroleum do not owe their origin to a human agent, it is not possible to claim copyright in such patterns and shapes. The novelty of the idea embodied in the work and the effects achieved by the action of the petroleum under pressure likewise do not warrant registration.

[1984]

APP 062

503     <u>Registration requirements for drawings, paintings, other pictorial works, and sculpture.</u> (cont'd)

503.02     <u>Copyrightable pictorial, graphic, and sculptural expression.</u> (cont'd)

503.02(b)     <u>Minimal standards: sculptural material.</u> The requisite minimal amount of original sculptural authorship necessary for registration in Class VI does not depend upon the aesthetic merit, commercial appeal, or symbolic value of a work. Copyrightability is based upon the creative expression of the author, that is, the manner or way in which the material is formed or fashioned. Thus, registration cannot be based upon standard designs which lack originality, such as common architecture moldings, or the volute used to decorate the capitals of Ionic and Corinthian columns. Similarly, it is not possible to copyright common geometric figures or shapes in three-dimensional form, such as the cone, cube, or sphere. The mere fact that a work of sculpture embodies uncopyrightable elements, such as standard forms of ornamentation or embellishment, will not prevent registration. However, the creative expression capable of supporting copyright must consist of something more than the mere bringing together of two or three standard forms or shapes with minor linear or spatial variations. In no event can registration rest solely upon the fact that an idea, method of operation, plan, or system has been successfully communicated in three-dimensional form. In every case it is the creative expression of the author which must be able to stand alone as an independent work apart from the general idea which informs it.

(1984)

APP 063

503          **Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)**

503.02          **Copyrightable pictorial, graphic, and sculptural expression. (cont'd)**

503.02(b)       **Minimal standards: sculptural material. (cont'd)**

Examples:

1) Registration in Class VA is requested for a design or model of a table lamp. Cast in plaster of Paris, the design features the head of a horse mounted on an iron horseshoe with toe and heel calks which supports the entire fixture. Electrical wiring is concealed within the plaster casting. Practice: If the head of the horse is original, registration may be considered on that basis. However, the general idea of embellishing a lighting fixture with a work of art is not copyrightable. The same is true of the decorative idea of using a horseshoe as support for a lamp base, regardless of the pleasing effect thereby achieved.

2) A toy manufacturer conceives a novel idea for a toy consisting of multicolored geometrical spheres, cubes, and cylinders of varying sizes. All of these parts or pieces are magnetized, and will adhere to one another when placed in close proximity. Thus, it is possible to construct an indefinite variety of shapes and figures by means of the magnetized parts or pieces. The manufacturer desires to protect the three-dimensional aspects of the toy before publication occurs. He applies to the

[1984]

APP 064

503    Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)

503.01    Copyrightable pictorial, graphic, and sculptural expression. (cont'd)

503.02(b)    Minimal standards: sculptural material. (cont'd)

Examples: (cont'd)

2)    (cont'd)

Copyright Office for registration of a design for an unpublished sculptural work of art. His application Form VA is accompanied by one complete set of magnetized spheres, cubes, and cylinders arranged in a plain box according to size and color. Practice: We will refuse a registration in Class VA based solely upon the unassembled toy, even though its component parts or pieces are potentially capable of being arranged in copyrightable shapes and forms. The general idea of the toy is uncopyrightable, regardless of its novelty or uniqueness.

3)    A work described as a "mobile" consists of nine pieces of translucent colored glass each of which is suspended by wire from an overhead rack designed to rotate about a pivot in a horizontal plane. The suspension wires vary in length and no two pieces of glass share the same shape or outline. Registration is sought in Class VA on the basis of the overall effect produced by the play of light upon the suspended glass components of a work which the applicant describes as "three-dimensional." No copyrightable authorship is claimed in the design of the individual pieces

[1984]

503   Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)

503.02   Copyrightable pictorial, graphic, and sculptural expression. (cont'd)

503.02(b)   Minimal standards: sculptural material. (cont'd)

Examples: (cont'd)

3) (cont'd)

of glass. Practice: Registration based upon the cumulative effect produced by the component members of the mobile will be refused. If these members had contained copyrightable authorship, registration could have been considered on the basis of the two-dimensional design features displayed by the pieces of glass.

503.03   Works not capable of supporting a copyright claim. Claims to copyright in the following works cannot be registered in the Copyright Office:

503.03(a)   Works not originated by a human author. In order to be entitled to copyright registration, a work must be the product of human authorship. Works produced by mechanical processes or random selection without any contribution by a human author are not registrable. Thus, a linoleum floor covering featuring a multicolored pebble design which was produced by a mechanical process in unrepeatable, random patterns, is not registrable. Similarly, a work owing its form to the forces of nature and lacking human authorship is not registrable; thus, for example, a piece of driftwood even if polished and mounted is not registrable.

[1984]

APP 066

503    Registration requirements for drawings, paintings, other pictorial works, and sculpture. (cont'd)

503.03    Works not capable of supporting a copyright claim. (cont'd)

503.03(b)    Works containing insufficient expression. No registration is possible where the work consists solely of elements which are incapable of supporting a copyright claim. Uncopyrightable elements include common geometric figures or symbols such as a hexagon, an arrow, or a five-pointed star, as pointed out in section 503.02(a) above.

503.03(c)    Ideas and concepts. Mere ideas and concepts cannot support a copyright claim. In order to be registrable, a work must contain original copyrightable expression. Thus, for example, neither the idea of folding a five-pointed star in a manner that enables it to stand upright, nor the star so folded is registrable.

504    Registration requirements for two-dimensional useful articles, three-dimensional works of artistic craftsmanship, and models. The registrability of two-dimensional useful articles is determined by the presence of at least a certain minimum amount of pictorial or graphic authorship. For three-dimensional works of artistic craftsmanship falling outside the definition of useful articles, such as jewelry, toys, and wall plaques, the authorship may be either sculptural or pictorial in nature, such as carving, cutting, molding, casting, shaping the work, arranging the elements into an original combination, or decorating the work with pictorial matter. Three-dimensional works of artistic craftsmanship are registrable either in assembled form, or in unassembled component pieces, as for example, an unassembled model airplane.

[1984]

APP 067

504    Registration requirements for two-dimensional useful articles, three-dimensional works of artistic craftsmanship, and models. (cont'd)

504.01    Material not subject to copyright. Standard elements, as such, are not registrable. Thus, registration cannot be made for glassware devoid of copyrightable ornamentation, or for fabric designs consisting only of polka dots. Moreover, the mechanical or utilitarian aspects of a three-dimensional work of applied art are not subject to copyright protection. Hence, the serrated edge of a knife could not be the basis of a copyright registration.

504.02    Examples. The following are examples of the principles governing the registrability of such works:

1)    A textile design consisting of nothing more than polka dots is not registrable. However, a representational image produced by the use of dots is registrable.

2)    A jeweled pin consisting of three parallel rows of stones is not registrable, while a pin consisting of a sculpted bee is registrable.

3)    A copyright claim in an original stuffed toy lion is registrable, while a plain red cushion shaped as a five-pointed star is not.

505    Registration requirements for the shapes of three-dimensional useful articles. Under the definition of "pictorial, graphic, and sculptural works" in the copyright law, the "design of a useful article" is copyrightable only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article. See 17 U.S.C. 101.

[1984]

APP 068

505     <u>Registration requirements for the shapes of three-dimensional useful articles.</u> (cont'd)

505.01     <u>Definition of useful article.</u> A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of a useful article is considered a "useful article." 17 U.S.C. 101. Examples of useful articles include automobiles, boats, household appliances, furniture, work tools, garments, and the like.

505.01     <u>Separability test.</u> Registration of claims to copyright in three-dimensional useful articles can be considered only on the basis of separately identifiable pictorial, graphic, or sculptural features which are capable of independent existence apart from the shape of the useful article. Determination of separability may be made on either a conceptual or physical basis.

505.03     <u>Separability test: conceptual basis.</u> Conceptual separability means that the pictorial, graphic, or sculptural features, while physically inseparable by ordinary means from the utilitarian item, are nevertheless clearly recognizable as a pictorial, graphic, or sculptural work which can be visualized on paper, for example, or as free-standing sculpture, as another example, independent of the shape of the useful article, i.e., the artistic features can be imagined separately and independently from the useful article without destroying the basic shape of the useful article. The artistic features and the useful article could both exist side by side and be perceived as fully realized, separate works -- one an artistic work and the other a useful article. Thus, carving on the back of a chair, or pictorial matter engraved on a glass vase, could be considered for registration. The test of conceptual separability, however, is not met by merely

[1984]

APP 069

505       Registration requirements for the shapes of three-dimensional useful articles. (cont'd)

505.03       Separability test: conceptual basis. (cont'd)

analogizing the general shape of a useful article to works of modern sculpture, since the alleged "artistic features" and the useful article cannot be perceived as having separate, independent existences. The shape of the alleged "artistic features" and of the useful article are one and the same, or differ in minor ways; any differences are de minimis. The mere fact that certain features are nonfunctional or could have been designed differently is irrelevant under the statutory definition of pictorial, graphic, and sculptural works. Thus, the fact that a lighting fixture might resemble abstract sculpture would not transform the lighting fixture into a copyrightable work.

505.04       Separability test: physical basis. The physical separability test derives from the principle that a copyrightable work of sculpture which is later incorporated into a useful article retains its copyright protection. Examples of works meeting the physical separability test include a sculptured lamp base of a Balinese dancer, or a pencil sharpener shaped like an antique car. However, since the overall shape of a useful article is not copyrightable, the test of physical separability is not met by the mere fact that the housing of a useful article is detachable from the working parts of the article.

505.05       Separability test: factors not relevant in determining registrability. In applying the test of separability, the following are not relevant considerations: 1) the aesthetic value of the design, 2) the fact that the shape could be designed differently, or 3) the amount of work which went into the

[1984]

APP 070

505              **Registration requirements for the shapes of three-dimensional useful articles.** (cont'd)

505.05        **Separability test: factors not relevant in determining registrability.** (cont'd)

making of the design. Thus, the mere fact that a famous designer produces a uniquely shaped food processor does not render the design of the food processor copyrightable.

506              **Prints.** "Prints" include a wide variety of pictorial prints and illustrations produced by means of lithography, photoengraving or other printing processes, including reproductions of representational and abstract designs and color reproductions of photographic prints. Examples of such works include greeting cards, picture postcards, posters, decals, stationery, table place mats, advertisements, various kinds of wrappers, billboards, shopping bags, and labels.

506.01        **Registration requirements.** In order to be entitled to registration as a print, the work must contain at least a certain minimum amount of original pictorial or graphic authorship.

506.02        **Pictorial or graphic material.** Registration is appropriate for original pictorial or graphic material, such as illustrations and representational or abstract design, as well as photographs reproduced in color by lithography, photoengraving, or other printing processes. Although the copyrightability of such material does not depend upon artistic merit or aesthetic value, the material must contain at least a certain minimum amount of original pictorial or graphic expression to be eligible for registration.

506.03        **Uncopyrightable elements.** In determining the registrability of a print, the copyright claim cannot be based solely upon mere variations of typographic ornamentation, lettering, or coloring. Likewise, the arrangement of type on a printed page cannot support a copyright claim. However,

[1984]

APP 071

506           Prints.  (cont'd)

506.03               Uncopyrightable elements.  (cont'd)

if the type is so arranged as to produce a
pictorial representation, the resulting
image is registrable.  Thus, an advertise-
ment which utilized lettering to achieve a
pictorial representation of a person can be
registered.

507           Reproductions of pictorial, graphic, or sculp-
              tural works.  Material comprising "reproductions
              of pictorial, graphic, or sculptural works" include
              reproductions of existing works of art.  Examples
              of such reproductions are photoengravings, collo-
              types, silk-screen prints, mezzotints, and three-
              dimensional reproductions of sculpture.

507.01               Registration requirements.  In order to be
                     registrable, an art reproduction must contain
                     at least a certain minimum amount of original
                     authorship.  This authorship may consist of
                     drawing, lithography, photoengraving, etching,
                     original sculpturing or molding, and the like.
                     For example, a reproduction of Rodin's "Hand
                     of God" achieved through sculpturing a minia-
                     ture version of the original is registrable.

507.02               Derivative works.  Art reproductions are
                     derivative works because, by their nature,
                     they are based on preexisting works.  Accord-
                     ingly, a statement identifying the preexisting
                     artistic work and indicating the nature of the
                     authorship in the reproduction should be given
                     in the appropriate spaces on the application
                     form.  However, in those cases where the author
                     and claimant of the reproduction are also the
                     author and claimant of the original work of
                     art that has been reproduced, and the original
                     work has not been previously registered or
                     published, registration should be made as
                     an original pictorial, graphic, or sculptural
                     work.

[1984]

APP 072

507      Reproductions of pictorial, graphic, or sculptural works. (cont'd)

507.03      Reproductions not capable of supporting a registration. Claims to copyright in the following works cannot be registered in the Copyright Office:

507.03(a)      Underlying work not a pictorial, graphic, or sculptural work. Where the underlying work is not a pictorial, graphic, or sculptural work, no registration is possible on the basis of reproduction authorship. For example, a lithographic reproduction of a letter of the alphabet is not registrable.

507.03(b)      Mechanical or photomechanical processes. Reproductions made through the mere operation of mechanical or photomechanical processes are not registrable. For example, a photocopy of an original pen and ink drawing is not registrable as an art reproduction.

508      Photographs, holograms, and individual slides. Works considered for registration on the basis of photographic authorship include still photographic prints, holograms, and individual slides.

508.01      Registration requirements. To be entitled to copyright registration, a photograph, hologram, or slide must contain at least a certain minimum amount of original expression. Generally, original photographic or holographic authorship depends on the variety and number of the elements involved in the composition of the photograph or hologram. However, the nature of the thing depicted or the subject of the photograph or hologram, as distinguished from its composition or arrangement, is not regarded as a copyrightable element. Original photographic composition capable of supporting registration may include such elements as time and light exposure, camera angle or perspective achieved, deployment of light and shadow from natural or artificial light sources, and the arrangement or disposition of persons, scenery, or other subjects depicted in the photograph.

[1984]

APP 073

508      Photographs, holograms, and individual slides.
         (cont'd)

  508.01      Registration requirements.  (cont'd)

              In the case of holography, original authorship
              depends largely upon the selection, arrange-
              ment, and disposition of scene and object.

  508.02      Uncopyrightable works.  Where images are
              produced through the operation of mechanical
              or photomechanical processes with no appreciable
              element of artistic expression, the work is not
              registrable.

              Examples:

              1)  A microfilm merely reproducing public
                  domain textual matter is not registrable.

              2)  The photocopy of a public domain pictorial
                  work is not registrable.

509      Maps.  The term "map" refers to cartographic
         representations of area.  Common examples include
         terrestrial maps and atlases, marine charts, celes-
         tial maps, and such three-dimensional works as
         globes and relief models.

  509.01      Registration requirements.  To be regis-
              trable, a map must contain at least a
              certain minimum amount of original carto-
              graphic material. Examples of original
              cartographic material  include drawings or
              pictorial representations of area based on
              original surveying or carto-graphic field
              work and compilations resulting from the
              original selection and arrangement of
              essentially cartographic features, such as
              roads, lakes or rivers, cities, political
              or geographic boundaries, and the like.

  509.02      Compilations and derivative works.  The
              preparation of many maps involves the use
              of previously published source material to
              a significant degree, and the copyrightable

[1984]

APP 074

509      Maps. (cont'd)

509.02      Compilations and derivative works. (cont'd)

authorship, therefore, is generally based
upon elements such as additional compilation
and drawing. Additional authorship of this
kind may include cartographic representations
such as new roads, historical landmarks, or
zoning boundaries. Where any substantial
portion of the work submitted for registra-
tion includes previously published or regis-
tered material, or material that is in the
public domain, statements describing both
the preexisting material as well as the new
copyrightable authorship should be given at
the appropriate spaces on the application
form. See Chapter 700: APPLICATIONS AND
FEES.

509.01      Elements not capable of supporting a copy-
right. A mere reprint of public domain or
previously published material is not regis-
trable. Likewise, a claim based upon an
obvious selection and arrangement of mater-
ials is not registrable. For example, an
outline map of the United States containing
nothing more than the names of the state
capitals does not contain the necessary
authorship to support registration.

510      Scientific works; architectural and technical
drawings and models. Material comprising sci-
entific works includes architectural blueprints,
mechanical drawings, engineering diagrams, astro-
nomical charts, anatomical models, scientific and
architectural models, and similar works.

510.01      Registration requirements. In order to be
entitled to registration, architectural and
technical drawings must contain at least a
certain minimum amount of original graphic
or pictorial matter. A scientific or archi-
tectural model must contain at least a certain
minimum amount of original sculptural material.

[1984]

510   Scientific works: architectural and technical drawings and models. (cont'd)

510.02   Uncopyrightable works. Claims to copyright in the following works cannot be registered in the Copyright Office:

510.02(a)   Devices. Devices and similar articles, designed for computing and measuring, cannot be registered. Common examples of such works include slide rules, wheel dials, and nomograms that contain insufficient original literary or pictorial material. The printed material of which a device usually consists (lines, numbers, symbols, calibrations, and their arrangement) cannot be copyrighted, because this material is necessarily dictated by the uncopyrightable idea, principle, formula, or standard of measurement involved.

510.02(b)   Blank forms. Blank forms and similar works which are designed for recording information and do not in themselves convey information, cannot be registered. Common examples include: forms calibrated for use in conjunction with a machine or device, report forms, graph paper, account books, scorecards, order forms, vouchers, and the like. See 37 C.F.R. 202.1(c).

510.03   Ideas, processes, or systems. Copyright protection does not extend to ideas, processes, or systems. Scientific or technical works are registrable only if they contain the requisite original copyrightable expression. The following are not protectible by copyright and do not offer a basis for copyright registration: 1) ideas or procedures for doing, making, or building things; 2) scientific or technical discoveries or methods; 3) business operations or procedures; 4) mathematical principles; or 5) any other concept, process, method of operation, or plan of action. See 17 U.S.C. 102(b).

[1984]

APP 076

510    Scientific works; architectural and technical drawings and models.    (cont'd.)

510.04    Subjects depicted.    Where registration is sought for a scientific or technical work, the application should describe only the authorship contained in the work and not bear any statements which suggest that registration extends to the subjects depicted.    Thus, the application for registration of a claim to copyright in an architectural drawing of a building should contain no statements which imply that the registration extends to the building.    See 17 U.S.C. 113(b).


[END OF CHAPTER 500]


[1984]


POLICY DECISION

REGISTRABILITY OF COSTUME DESIGNS

The following excerpt is taken from Volume 56, Number 214 of
the Federal Register for Tuesday, November 5, 1991 (p. 56530)

**LIBRARY OF CONGRESS**

**Copyright Office**

**[Docket No. RM 91-5A]**

**Registrability of Costume Designs**

**AGENCY:** Copyright Office, Library of Congress.

**ACTION:** Policy Decision.

**SUMMARY:** The Copyright Office of the Library of Congress issues this Policy Decision clarifying its practices regarding the registrability of masks and costume designs. Under the adopted practices, masks will be registrable on the basis of pictorial and/or sculptural authorship. Costumes will be treated as useful articles, and will be registrable only upon a finding of separable artistic authorship.

**FOR FURTHER INFORMATION CONTACT:** Dorothy Schrader, General Counsel, U.S. Copyright Office, Library of Congress, Washington, DC 20559; (202) 707-8380.

**SUPPLEMENTARY INFORMATION:**

1. Background

Works subject to copyright protection may secure copyright registration in the Copyright Office. Copyright Act of 1976 title 17, U.S.C. sections 508-412.[1] Determining the registrability of masks and costumes requires the application of the definitions of "pictorial, graphic, and sculptural works" and "useful article," as set out in section 101 of title 17. These definitions are as follows:

"Pictorial, graphic, and sculptural works" includes two-dimensional and three-dimensional works of fine, graphic and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of a useful article is considered a "useful article."

The House Judiciary Committee Report accompanying the 1976 Copyright Act explained that through the above definitions Congress sought to "draw as clear a line as possible between copyrightable works of applied art and uncopyrightable works of industrial design." H.R. Rep. No. 1476, 94th Cong. 2d Sess. 55 [1976]. The report provided further guidance as follows:

A two-dimensional painting drawing, or graphic work is still capable of being identified as such when it is printed on or applied to utilitarian articles such as textile fabrics, wallpaper, containers, and the like.[2] The same is true when a statue or carving is used to embellish an industrial product or, as in the *Mazer* case, is incorporated into a product without losing its ability to exist independently as a work of art. On the other hand, although the shape of an industrial product may be aesthetically satisfying and valuable, the Committee's intention is not to offer it copyright protection under the bill. Unless the shape of an automobile, airplane, *ladies' dress*, food processor, television set, or any other industrial product contains some element that, *physically or conceptually*, can be identified as separable from the utilitarian aspects of that article, the design would not be copyrighted under the bill. The test of separability and independence from "the utilitarian aspects of the article" does not depend upon the nature of the design—that is, even if the appearance of an article is determined by esthetic (as opposed to functional) considerations, only elements, if any, which can be identified separately from the useful article as such are copyrightable." *Id.* [Emphasis added].

The Copyright Office has generally refused to register claims to copyright in three-dimensional aspects of clothing or costume design on the ground that articles of clothing and costumes are useful articles that ordinarily contain no artistic authorship separable from their overall utilitarian shape. A two-dimensional design applied to the surface of the clothing may be registered, but this claim to copyright is generally made by the fabric producer rather than the garment or costume designer. Moreover, this claim to copyright is ordinarily made when the two-dimensional design is applied to the textile fabric and before the garment is cut from the fabric.

The 1976 House Report confirms that "ladies' dress" and other clothing cannot be protected by copyright merely on the ground that the appearance of the useful article is determined by aesthetic considerations. Over the last few years, however, the Office registered a few narrowly drawn claims [1] in certain three-dimensional fanciful or animal-shaped items that can be worn. Some of these claims have been the subject of litigation.

2. Litigation

In general, cases have not treated masks as useful articles, and, as a result,

---

[1] No claim, for instance, can be made on the functional design of clothing.

[1] Error; line should read:
"title 17, U.S.C. sections 408-412."

[2] Error; line should read:
"A two-dimensional painting, drawing, or"

copyrightability can be supported by a mere finding of pictorial or sculptural authorship. Costumes, on the other hand, have been treated as useful articles, necessitating a finding of separable pictorial or sculptural authorship in order to support copyright protection.

In one of the leading cases on masks, *Masquerade Novelty* v. *Unique Industries*, 912 F.2d 663 (3rd Cir. 1990), the court held animal masks were not useful articles because "nose masks have no utility that does not derive from their appearance." The masks were configured to resemble the nose of a pig, elephant, and parrot, and were found to be copyrightable. In *Pasillas* v. *McDonald's Corp.*, 927 F.2d 400 (9th Cir. 1991), copyright in a Halloween mask depicting a man in the moon was conceded to be valid, but summary judgment was granted in favor of the defendant due to lack of substantial similarity.

While the cases consistently treat costumes as useful articles, the applicable standards for determining separability are unclear. In *Animal Fair Inc.* v. *Amfesco Industries, Inc.*, 620 F.Supp. 175 (D.C. Minn. 1985), *aff'd mem.*, 794 F.2d 678 (8th Cir. 1986), the district court upheld copyright in a slipper depicting a bear's foot. While treating the slipper as a useful article, the court concluded the whole shape and design were recognizable as a fanciful artistic rendition of a bear's paw. The Eighth Circuit affirmed without written opinion.

The test of conceptual separability was raised in *Act Young Imports, Inc.* v. *B & E Sales Co., Inc.*, 673 F. Supp. 672 (S.D.N.Y. 1987), in a case involving children's backpacks. In that case the court upheld copyright in animal shaped backpacks because the animal image was separate from the useful function of the packs.

In *National Theme Productions Inc.* v. *Jerry B. Beck Inc.*, 696 F. Supp 1348 (S.D. Cal. 1988), a district court held that while masquerade costumes were useful articles, the costumes involved in the case successfully met the conceptual separability test. The works in issue were elaborate costumes depicting independently recognizable images and were registered by the Copyright Office.

In the complex case of *Whimsicality, Inc.* v. *Rubie's Costumes Co. Inc.*, 891 F.2d 452 (2nd Cir. 1989), the Second Circuit denied a copyright action alleging infringement of six costumes on the grounds that the claims had been misrepresented to the Copyright Office. The costumes had been registered as "soft sculptures" and the applications did not disclose that the works were

costumes. Under the unique facts of the case, the plaintiff was denied relief.

### 3. Notice of Inquiry

Due to the uncertainty regarding the registrability of masks and costume designs, the Copyright Office published a notice of inquiry on May 2, 1991. 56 FR 20241 (1991) concerning registration of costume designs. The notice summarized the applicable copyright principles in the area, including the case law. The notice further raised eight specific questions on which comment was sought.

The notice generated twelve comments. Some of the comments came from the garment industry, and those comments generally sought an expansion of the protection available to wearing apparel. Other comments came from the costume industry, and those comments were generally mixed as to whether or not the availability of copyright should be expanded. The remainder came from the bar and academic communities.

Of the comments which were received, most took the position that so-called fanciful costumes should be registered, while ordinary wearing apparel should be rejected. However, none of the comments taking such a position set out workable guidelines for separating fanciful costumes from wearing apparel. A differing view was expressed by one law firm, which took the position that all costumes were useful articles without any separate artistic authorship.

### 4. Summary of Policies Adopted

The examining practices with respect to masks will not treat masks as useful articles, but will instead determine registrability on the existence of minimum pictorial and/or sculptural authorship. Garment designs (excluding separately identifiable pictorial representations of designs imposed upon the garment) will not be registered even if they contain ornamental features, or are intended to be used as historical or period dress. Fanciful costumes will be treated as useful articles, and will be registered only upon a finding of separately identifiable pictorial and/or sculptural authorship.

### 5. Examining Practices With Respect to Masks

Current examining practices base registration of masks on the existence of minimum pictorial and/or sculptural authorship. Since masks generally portray their own appearance, this subject matter appears to fall outside of [3] the definition of "useful article" in

section 101 of title 17. Both the case law and comment letters appear to agree with this position.

Although a mask alone is not considered a useful article, a legitimate question arises regarding registration practices in instances where a copyrightable mask is combined and sold as a unit with an otherwise uncopyrightable costume. In such circumstances, the Copyright Office will register the "work" on the basis of the copyrightable authorship in the mask. This approach appears to be consistent with *Mazer* v. *Stein*, 347 U.S. 201 (1954), holding that a copyrightable work of art does not lose its copyrightability upon incorporation into a useful article. Again, only the separable artistic features, in this case the mask, would be subject to copyright protection.

### 6. Examining Practices With Respect to Garment Designs

A few of the comment letters were from the garment industry urging a broader availability of copyright protection for garment designs. On this point the copyright law is reasonably clear. Garments are useful articles, and the designs of such garments are generally outside of the copyright law. Parties who wish to modify this position must address their concerns to the Congress, since establishment of such protection must have Congressional authorization.

The general policy of nonregistrability of garment designs will be applied not only to ordinary wearing apparel, but also to period and historical dress, and uniforms. Wearing apparel incorporated into theatrical productions will likewise be treated under the standards applying to garment designs in general.

### 7. Examining Practices With Respect to Fanciful Costumes

For purposes of copyright registration, fanciful costumes will be treated as useful articles. Costumes serve a dual purpose of clothing the body and portraying their appearance. Since clothing the body serves as a useful function, costumes fall within the literal definition of useful article. In addition, the case law consistently treats costumes as useful articles, and a Copyright Office decision to differ substantially from these court decisions would appear difficult to justify.

In accordance with the copyright principles applying to useful articles, fanciful costumes will be registered if they contain separable pictorial or sculptural authorship. The separable authorship may be physically separable, meaning that the work of art can be physically removed from the costume, or

[3]Error; line should read:
"subject matter appears to fall outside of"

conceptually separable, meaning that the pictorial or sculptural work is independently recognizable and capable of existence apart from the overall utilitarian shape of the useful article. The standards for determining separability are set forth in section 505 of Compendium II of Copyright Office Practices.

### 8. Registration is Mandated Where Any Portion of a Work Contains Copyrightable Authorship

In examining claims to copyright, the Copyright Office is required to make a registration if any portion of a work can reasonably be construed as containing copyrightable authorship. Such a registration, should not be treated as extending protection to uncopyrightable elements. For example, if an uncopyrightable costume is sold in packaging material which contains a pictorial illustration, the "work" would be registrable on the basis of the pictorial illustration.

In examining applications for registration, the Copyright Office will generally limit the claim if the application specifically asserts protection in an uncopyrightable element. In most cases, however, there is no correspondence detailing the basis of the registration.

It is hoped that this policy decision will clarify the policies of the Copyright Office with respect to masks and costumes and will discourage the drawing of misleading conclusions regarding registrations which are made for parts of costumes. Costumes, by their very nature, exist at the boundary between works of imagination and works of utility. Portions of some costumes will be registrable under the separability test, and others will be unregistrable in all respects.

Dated: October 29, 1991.

Ralph Oman,
*Register of Copyrights.*

Approved:

James H. Billington,
*The Librarian of Congress.*

[FR Doc. 91-26629 Filed 11-4-91; 8:45 am]

BILLING CODE 1410-07-M

APP 080

# APPENDIX 14

# Register's Report on the General Revision of the U.S. Copyright Law (1961)

## [III] FOREWORD

This report of the Register of Copyrights is the culmination of a program of studies by the Copyright Office preparatory to a general revision of the copyright law, title 17 of the United States Code.

The report contains the tentative recommendations of the Copyright Office for revision of the law. In issuing the report the Judiciary Committee neither approves nor disapproves the recommendations. It is issued for the purpose of inviting all persons concerned to submit comments and suggestions, which will be carefully considered in the drafting of a bill for general revision of the law.

EMANUEL CELLAR,
*Chairman,*
*Committee on the Judiciary.*

JULY 10, 1961.

APP 081

In arriving at our recommendations we have given consideration to all the views expressed on a particular problem. In the copyright law, however, few problems can be dealt with in isolation. A change in one provision will often require the adjustment of others, and many of our recommendations are closely interrelated.

Moreover, various private groups concerned with copyright have conflicting interests that impel them to differ sharply on some of the major issues.[2] The needs of all groups must be taken into account. But these needs must also be weighed in the light of the paramount public interest.

We have tried to find practical solutions that will afford a balance between the various private interests and at the same time safeguard the welfare of the public. No one knows better than we the difficulty of accomplishing this result. We nevertheless believe that, taken as a whole, a revision program along the lines of our basic recommendations would represent a significant improvement in the copyright law and would benefit all concerned.

This report, and the studies that led up to it, are a testimonial to Arthur Fisher. The former Register of Copyrights, who died on November 12, 1960, had planned and organized the entire general revision program, of which the studies and report are a part. Their ultimate purpose—the enactment of a new and better copyright law—was the goal of Mr. Fisher's career, and its accomplishment will be a tribute to his vision and energy.

ABRAHAM L. KAMINSTEIN,
*Register of Copyrights,*
*Copyright Office, The Library of*
*Congress*


## [XIII] CONTENTS

|  | Page |
|---|---|
| Foreword | II |
| Letter of transmittal | IV |

---

[2] For a listing of various industries concerned with copyright materials, and an estimate of their economic importance, see "Copyright Law Revision Study No. 2" (Senate committee print).

APP 082

The Report in Summary . . . . . . . . . . . . . . . . . . . . . .        V
Preface . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        IX
Chapters . . . . . . . . . . . . . . . . . . . . . . . . . . . .        IX
I.    Theories of Copyright . . . . . . . . . . . . . . . . . . .        1
II.   Copyrightable Works . . . . . . . . . . . . . . . . . . . .        7
III.  Rights of Copyright Owners . . . . . . . . . . . . . . . .        19
IV.   Unpublished Works: Common Law and Statutory Protection . . . .     37
V.    Duration of Copyright . . . . . . . . . . . . . . . . . . .        45
VI.   Notice of Copyright . . . . . . . . . . . . . . . . . . . .        59
VII.  Registration and Deposit of Copies . . . . . . . . . . . . .       69
VIII. Ownership of Copyright . . . . . . . . . . . . . . . . . .         83
IX.   Remedies for Infringement . . . . . . . . . . . . . . . . .        99
X.    International Aspects of Copyright . . . . . . . . . . . . .        111
XI.   Problems . . . . . . . . . . . . . . . . . . . . . . . . .         127
XII.  Administrative Provisions . . . . . . . . . . . . . . . . .        139
Appendixes:
A.    List of studies . . . . . . . . . . . . . . . . . . . . . .        147
A.    Summary of recommendations . . . . . . . . . . . . . . . .        149

## [1] Chapter I

## THEORIES OF COPYRIGHT

### OUTLINE OF CHAPTER

|  |  | Page |
|---|---|---|
| A. | Introduction . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| B. | The nature of copyright . . . . . . . . . . . . . . . . . . . | 3 |
| | 1.    In general . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| | 2.    Copyright as property . . . . . . . . . . . . . . . . . | 3 |
| | 3.    Copyright as a personal right . . . . . . . . . . . . . | 4 |
| |    a.   Generally . . . . . . . . . . . . . . . | 4 |
| |    b.   Moral rights . . . . . . . . . . . . . . | 4 |
| |    c.   Assignability of copyright . . . . . . . | 4 |
| | 4.    Copyright as a monopoly . . . . . . . . . . . . . . . . | 5 |
| C. | The purposes of copyright . . . . . . . . . . . . . . . . . . | 5 |
| | 1.    Constitutional basis of the copyright law . . . . . . . | 5 |
| | 2.    The rights of authors and the public interest . . . . . | 6 |
| |    a.   In general . . . . . . . . . . . . . . . | 6 |
| |    b.   Limitations on author's rights . . . . . | 6 |
| |    c.   The author's reward . . . . . . . . . . . | 6 |
| D. | Summary . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |

the author's right to control the dissemination of his works and the public interest in fostering their widest dissemination.

## [7] *Chapter II*

## COPYRIGHTABLE WORKS

### OUTLINE OF CHAPTER

|  |  | Page |
|---|---|---|
| A. | General standards of copyrightability | 9 |
| | 1. The basic requirements | 9 |
| | 2. The copyrightability of new versions | 9 |
| | 3. Recommendations | 10 |
| B. | Specification of classes of copyrightable works | 10 |
| | 1. Development and provisions of the present law | 10 |
| | 2. Effect of the present law | 10 |
| | 3. Proposal for specification in a new law | 11 |
| | 4. Separate classification for administrative purposes | 11 |
| | 5. Recommendations | 12 |
| C. | Copyrightability of certain works | 12 |
| | 1. Works of "applied art" | 12 |
| | a. Recent developments | 12 |
| | b. The need for sui generis protection of designs of useful articles as such | 13 |
| | c. Relationship between copyright and the design of useful articles | 13 |
| | d. Recommendations | 15 |
| | 2. Architectural drawings and structures | 15 |
| | a. The present law | 15 |
| | b. Protection for the artistic features of functional structures | 15 |
| | c. Recommendations | 16 |
| | 3. Choreographic works | 16 |
| | a. Choreographic works as proper subject of copyright | 16 |
| | b. Coverage under the present law | 16 |
| | c. Choreographic works as distinct from dramatic works | 17 |
| | d. Recommendations | 17 |
| | 4. Sound recordings | 17 |
| | a. Recent developments | 17 |
| | b. The present legal situation | 17 |
| | c. Exploration of statutory solution | 18 |
| | d. Recommendation | 18 |

APP 084

administrative regulation by the Register of Copyrights with approval of the Librarian of Congress.

## C. COPYRIGHTABILITY OF CERTAIN WORKS

### 1. WORKS OF "APPLIED ART"

#### a. *Recent developments*

In recent years an important problem has arisen as to whether ornamental designs of useful articles (also referred to as "applied art" or "industrial designs") come within the category of copyrightable "works of art." In *Mazer v. Stein* (347 U.S. 201 (1954)), the Supreme Court held that, where a statuette had been copyrighted as a "work of art," its copyright protection was not lost or diminished because it was intended to be used, and was used, as a lamp base; an unauthorized maker of lamps, the bases of which were copies of the statuette, was held an infringer of the copyright. Since the *Mazer* decision the courts have sustained copyright claims in "works of art" embodied in costume jewelry, textile fabrics, toys, and dinnerware.

In the light of the *Mazer* case, the Copyright Office has registered a rapidly increasing number of claims in "works of art" that are embodied in useful articles, including fabrics, jewelry, lace, dishes, glassware, silverware, lamps, clocks, ashtrays, and the like. But there have also been a number of copyright claims in designs of useful articles that the Copyright Office has refused to register on the ground that they were not "works of art." The denial of registration for some of these claims has been challenged, and it can be expected that copyright claims in the design area will continue to grow.

The borderline between copyright protection for "works of art" and separate protection for the ornamental designs of useful articles has been the subject of much discussion in connection with a recent series of bills for the sui generis protection of designs. The most recent bills in this series, which were introduced in May 1961, include an amendment to the present copyright statute reaffirming and im [13] plementing the principle of the *Mazer* decision, and also defining its application. For the reasons explained below, we are

in accord with the revisions in the copyright statute proposed in these bills.

*b. The need for sui generis protection of designs of useful articles as such*

We believe that, as the Supreme Court held in the *Mazer* case, the protection now accorded by the copyright statute should continue to be available for "works of art"—that is, pictorial, graphic, and sculptural works— even after they have been employed as a design or decoration of a useful article. But we would not extend the copyright statute to designs of useful articles as such—automobiles, sewing machines, wearing apparel, etc. We would favor granting reasonable protection against the copying of these designs under a sui generis statute, but we do not believe they should be given protection of the length and breadth afforded by the copyright statute.

In the years since the *Mazer* decision, full protection under the copyright law has not proved inappropriate for "works of art" used as a design or decoration of useful articles. We do not believe, however, that it would be appropriate to extend the copyright law to industrial designs as such. In this area there is a delicate balance between the need for protection on the part of those who originate and invest in a design, and the possible effect of protection, if overextended, in restraining competition. The term of copyright (which is now up to 56 years and would be even longer under the proposal made in ch. V of this report) is too long for ordinary design protection. And there are other fundamentals of the copyright statute—the provisions on notice, deposit, registration, publication, and liability of innocent distributors of infringing articles, for example—that are not suitable for the entire range of industrial designs.

As noted above, special bills for the protection of "ornamental designs of useful articles"—S. 1884, H.R. 6776, H.R. 6777, 87th Congress, 1st session—were introduced in Congress in May 1961. These bills, which are identical, provide for a short term of protection and differ in other significant respects from the copyright statute. However, they specifically preserve the full copyright protection now available to "works of art" under the *Mazer* decision. They are the outgrowth of similar bills introduced in the 86th Congress (S. 2075, S. 2852, H.R. 9525, H.R. 9870), and result from a reconciliation of the differences between those earlier bills.

## c. Relationship between copyright and the designs of useful articles

The principal administrative problem now faced by the Copyright Office in this field derives from the deposit of useful articles for copyright registration, and the difficulties in determining whether or not they embody or constitute copyrightable "works of art." As a practical matter this problem might be partially solved by the enactment of a sui generis design protection statute, which many applicants would invoke in preference to the copyright law. However, in order to achieve a fully effective solution to this problem, we propose that registration under the copyright statute should be confined to pictorial, graphic, or sculptural works, and that useful articles should not be acceptable for deposit. This would not, of course, preclude registration for drawings, models, photographs, or the like that portray useful [14] articles, or that are obviously going to be used in the manufacture of useful articles.

There remains the question of protection to be given to a copyrighted work of art that is utilized as a design in the manufacture of useful articles. We believe that, where the copyrighted work is used as a design or decoration of a useful article, it should continue, as under the present law, to be protected by copyright if the owner wishes. In this situation the copyright owner should be given the option of securing protection under the design patent law or under special design legislation; but, if he does not do so, his copyright protection should remain unaffected. However, where the "work of art" actually portrays the useful article as such—as in a drawing, scale model, advertising sketch, or photograph of the article— existing court decisions indicate that copyright in the "work of art" does not protect against manufacture of the useful article portrayed. We agree with these decisions and the distinctions made in them.

Some examples will illustrate these points.

(1) The following would be accepted for deposit and registration by the Copyright Office, since they would not be considered "useful articles":

- A painting showing a floral pattern, submitted by a manufacturer of textile fabrics; a statuette in the form of a human figure, submitted by a lamp manufacturer;

- A technical drawing or scale model of an airplane;

- A jewelry design embodied in earrings.

(Matthew Bender & Co., Inc.)          (Rel.31–7/92  Pub.465)

(2) The following would not be accepted for deposit and registration by the Copyright Office, since they constitute useful articles as such:

- A rug; a yard of dress material;

- A lamp;

- A chair; a dress; a frying pan.

(3) Since the protection available to a copyrighted pictorial, graphic, or sculptural work is not affected by use of the work as a design or decoration of a useful article, the following works would continue to be accorded full protection under the copyright statute (unless the owner chooses to secure protection under the patent law or special design legislation):

- A copyrighted painting reproduced on textile fabrics;

- A copyrighted cartoon drawing or photograph reproduced on fabrics or in the form of toys or dolls;

- A copyrighted drawing of a chair reproduced on a lampshade;

- A copyrighted sculptured figure used as a lamp base.

(4) Under distinctions indicated in existing court decisions, that the copyright in a work portraying a useful article as such would not protect against manufacture of that article, copyright protection would not extend to the following cases:

- A copyrighted drawing of a chair, used to manufacture chairs of that design;

- A copyrighted scale model of an automobile, used to manufacture automobiles of that design;

- A copyrighted technical drawing showing the construction of a machine, used to manufacture the machine;

- A copyrighted picture of a dress, used to manufacture the dress.

[15] *d. Recommendations*

(1) The copyright statute should make it clear that, for purposes of registration, the "works of art" category includes pictorial, graphic, and sculptural works even though they may portray or be intended for use in useful articles, but that useful articles, as such, are not acceptable for deposit.

(2) When a copyrighted work of art is used as a design or decoration of a useful article, it should continue to have all the protection afforded by the copyright law. If the work is registered as a design under the patent law or special design legislation, copyright protection should terminate insofar as it relates to useful articles, but if patent or design registration is not made, copyright protection should continue unaffected.

(3) The statute should not alter the distinctions drawn in this area by existing court decisions—that copyright in a pictorial, graphic, or sculptural work, portraying a useful article as such, does not extend to the manufacture of the useful article itself.

## 2. ARCHITECTURAL DRAWINGS AND STRUCTURES [2]

### a. *The present law*

Architectural drawings are copyrightable under the present law within the general category of technical drawings. The copyright in an architectural drawing protects it against the unauthorized making and distribution of copies of the drawing.

When an architectural structure, such as a monument, is itself a "work of art," copyrighted drawings of the structure are protected against their "execution" by erecting the structure. This is merely an application of the provision in section 1(b) protecting "a model or design for a work of art" against its "execution." But the courts have held that the drawings of a functional structure, which is not a "work of art," are not protected against their use in building the structure.

Architectural structures themselves are not mentioned in the present statute. If a structure constitutes a "work of art" (e.g., a piece of sculpture or an artistic monument), the structure itself may now be copyrighted under the general category of "works of art." But copyright protection has been denied to functional structures that do not qualify as "works of art."

### b. *Protection for the artistic features of functional structures*

It seems clear that a structure designed solely for esthetic effect should be entitled to copyright protection on the same basis

---

[2] See "Copyright Law Revision Study No. 27" (Senate committee print).

APP 089

# APPENDIX 15

# Supplementary Register's Report on the General Revision of the U.S. Copyright Law (1965)

HOUSE COMMITTEE PRINT
(89th Congress, 1st Session)

MAY 1965

Printed for the use of the House Committee on the Judiciary

[iii] CONTENTS

| | | Page |
|---|---|---|
| Foreword | | .V |
| Letters of Transmittal | | .VII |
| Preface | | .IX |
| The 1965 Bill in Summary | | .XVII |
| *Chapter* | | |
| 1. | Subject Matter of Copyright | .1 |
| 2. | Exclusive Rights Under Copyright | .11 |
| 3. | Ownership and Transfer of Copyright | .63 |
| 4. | Federal Pre-emption and Duration of Copyright | .79 |
| 5. | Notice of Copyright | .97 |
| 6. | Deposit and Registration | .113 |
| 7. | Copyright Infringement and Remedies | .129 |
| 8. | Manufacturing Requirement and Importation | .141 |
| 9. | Administrative Provisions | .151 |
| 10. | Transitional and Supplementary Provisions | .157 |

APP 090

APPENDIXES:
    A.  List of House Committee Prints . . . . . . . . . . . . . . . .165
    B.  Comparative Table* . . . . . . . . . . . . . . . . . . . . .167
SUBJECT INDEX** . . . . . . . . . . . . . . . . . . . . . . . .313

## [V] FOREWORD

The House Committee on the Judiciary has heretofore issued four prints in the "Copyright Law Revision" series, covering the progress of the revision program from the initial *Report of the Register of Copyrights* issued in July 1961 up to the preparation of the bill (H.R. 11947 and S. 3008, 88th Cong.) introduced on July 20, 1964. The discussions and comments on the 1964 bill are in the process of being assembled for issuance as part 5 in the series.

The 1964 bill was modified in the light of these discussions and comments, and a new bill was introduced on February 4, 1965 (H.R. 4347 and S. 1006, 89th Cong.). The Register of Copyrights has now submitted his *Supplementary Report* which explains the 1965 bill in detail. Because of its immediate importance in connection with forthcoming hearings on the 1965 bill, the *Supplementary Report* is being issued at this time as part 6 in the "Copyright Law Revision" series, preceding the release of part 5.

In issuing this material the committee neither approves nor disapproves any of the views expressed therein. It is believed that this material will be valuable, both now and in the future, to all persons concerned with the copyright law.

EMANUEL CELLER,
*Chairman, Committee on the*
*Judiciary.*

[May 26, 1965]

---

\* Editor's note: This material is omitted in reprint.

\*\* Editor's note: This material is omitted in reprint.

APP 091

the comprehensive term "work of the United States Government" and defines it in such a way that privately written works are clearly excluded from the prohibition. No special provision is necessary, therefore, to make clear that the Government must secure permission in order to publish a copyrighted work, and that Government publication of a private work has no effect upon its copyright protection.

[11] *Chapter 2*

# EXCLUSIVE RIGHTS UNDER COPYRIGHT

## OUTLINE

| | | Page |
|---|---|---|
| A. | Basic approach of the bill | 13 |
| B. | Copyright owner's exclusive rights in general | 15 |
| | 1. General scope of copyright | 15 |
| | 2. Rights of reproduction, preparation of derivative works, and publication | 16 |
| |    a. In general | 16 |
| |    b. Reproduction | 16 |
| |    c. Preparation of derivative works | 17 |
| |    d. Use in information of storage and retrieval systems | 18 |
| |    e. Public distribution | 19 |
| | 3. Public performance and exhibition rights | 19 |
| |    a. In general | 19 |
| |    b. The "for profit" limitation | 21 |
| |    c. Definitions | 21 |
| C. | Fair use | 25 |
| D. | Effect of transfer of particular copy of phonorecord | 28 |
| | 1. Effect on further disposition of copy or phonorecord | 28 |
| | 2. Effect on exhibition of copy | 29 |
| | 3. Effect of mere possession of copy of phonorecord | 30 |
| | 4. Proposal for a "public lending right" | 31 |
| E. | Exemption of certain performances and exhibitions | 31 |
| | 1. In general | 31 |
| | 2. Face-to-face teaching activities | 32 |
| | 3. Educational broadcasting | 34 |
| | 4. Religious services | 37 |
| | 5. Certain performances for educational, religious, or charitable purposes | 38 |
| [12] | 6. Secondary uses of transmissions | 40 |
| |    a. In general | 40 |

b.    Retransmission to the public; community antennas and    40
other systems . . . . . . . . . . . . . . . . . . . . . . . .

c.    Further transmission exclusively to private rooms of hotels, 43
etc . . . . . . . . . . . . . . . . . . . . . . .

d.    Mere reception of transmission in a public place . . . . . . .44

F.   Ephemeral recordings . . . . . . . . . . . . . . . . . . .44

G.   Reproduction of pictorial, graphic, and sculptural works in useful    47
articles . . . . . . . . . . . . . . . . . . . . .

H.   Rights in sound recordings . . . . . . . . . . . . . . . .49
    1.    General observations . . . . . . . . . . . . . . . . . . .49
    2.    Developments since 1961 . . . . . . . . . . . . . . . .49
    3.    Limited scope of exclusive rights . . . . . . . . . . . . .50

I.   Compulsory license for making and distributing phonorecords of    53
musical works . . . . . . . . . . . . . . . . . . . . . . . .
    1.    In general . . . . . . . . . . . . . . . . . . . . . . .53
    2.    Availability and scope of compulsory license . . . . . . . . .54
    3.    Notice of intention to obtain compulsory license . . . . . . .55
    4.    Royalty payable under compulsory license . . . . . . . . . . .56
       a.    Identification of copyright owner . . . . . . . . . . . . .56
       b.    Basis and rate of royalty . . . . . . . . . . . . . . . .56
       c.    Accounting and payment of royalties . . . . . . . . . .58
       d.    Effect of default . . . . . . . . . . . . . . . . . . .59

J.   Public performance by coinoperated machines . . . . . . . . . . .59

[13] *Chapter 2*

# EXCLUSIVE RIGHTS UNDER COPYRIGHT

### A. Basic Approach of the Bill

It is hard to predict which provisions of the bill will ultimately be most significant in the development of the copyright law, but on the basis of our discussions there is no question as to which group of sections is most important to the interests immediately affected. The nine sections setting forth the scope and limitations on the exclusive rights of copyright owners represent a whole series of direct points of conflict between authors and their successors on the one side, and users, both commercial and noncommercial, on the other. Moreover, of the many problems dealt with in the bill, those covered by the exclusive rights sections are most affected by advancing technology in all fields of communications, including a number of future developments that can only be speculated about.

(Matthew Bender & Co., Inc.)          (Rel.32–12/92   Pub.465)

of educational organizations that the period should be extended, and on behalf of authors and publishers that only a single deferred broadcast within 30 days should be permitted.

(6) Concern has been expressed on behalf of motion picture companies as to the possible dangers of "archival" reproductions finding their way into the bootleg film market. However, the imminent development of home video tape recordings seems likely to make ephemeral recordings by authorized transmitters a minor source of danger. In any case, we would be opposed to a provision requiring the destruction of ephemeral recordings; many of them will constitute an irreplaceable record of a historic event, a creative work, or a virtuoso performance of incalculable value to future generations.

## G. Reproduction of Pictorial, Graphic, and Sculptural Works in Useful Articles

A subject discussed at considerable length in the 1961 *Report* was the protection to be afforded works of "applied art." The *Report* pointed to the Supreme Court's decision in *Mazer v. Stein*, 347 U.S. 201 (1954), as a major turning point in the American law on this subject. It recommended in effect that the revision bill give statutory recognition to the principle enunciated in that decision: That copyright in a pictorial, graphic, or sculptural work will not be affected if the work is employed as the design of a useful article, and will offer protection against unauthorized reproduction of the work in useful as well as non-useful articles. Subsection (a) of section 111 carries out the *Report's* recommendations by providing generally:

> Subject to the provisions of clauses (1) and (2) of this subsection, the exclusive right to reproduce a copyrighted pictorial, graphic, or sculptural work in copies under section 106 includes the right to reproduce the work in or on any kind of article, whether useful or otherwise.

The principle enunciated here is also embodied in the design bills now pending in Congress (H.R. 450, H.R. 3366, and S. 1237, 89th Cong., 1st sess., 1965) and, as indicated in the 1961 *Report*, we are in full accord with it. Subsection (b) also adopts the carefully drafted and thoroughly considered definition of "useful article" incorporated in those bills: "* * * an article having an intrinsic utilitarian function [48]that is not merely to portray the appearance of the article or to convey information."

APP 094

These provisions, coupled with the broad language of section 106(a)(1), raise the serious and important question of whether the exclusive right to reproduce a "pictorial, graphic, or sculptural work" in copies, including useful articles, means that, for example, copyright in a drawing or model of an automobile would protect the artist against the making of automobiles of the same design. The 1961 *Report* pointed out, on the basis of court decisions under the present law, that "* * * copyright in a pictorial, graphic, or sculptural work, portraying a useful article as such, does not extend to the manufacture of the useful article itself." A number of examples were given illustrating "the distinctions drawn in this area by existing court decisions,"* and the *Report* recommended specifically that the statute "should not alter" these distinctions.

In the preliminary draft of 1963 we attempted to state, in explicit statutory language, the rather difficult theoretical concepts on which these court decisions are based. This attempt proved abortive, and we have been unable to find any statutory formulation that would express the distinction satisfactorily. Thus, since the real need is to make clear that there is no intention to change the present law with respect to the scope of protection in a work portraying a useful article as such, we have accepted the suggestion that the bill simply state that proposition directly. Section 111(a)(1) therefore provides:

> This title does not afford, to the owner of copyright in a work that portrays a useful article as such, any greater rights with respect to the making, distribution, or exhibition of the useful article so portrayed than those afforded to such copyrighted works under the law in effect on December 31, 1966.

The second clause of section 111(a) deals with a separate problem which, though not considered in the 1961 *Report*, has been the

---

* The distinctions in this area emerge from two lines of cases. One line includes *Lamb v. Grand Rapids School Furniture Co.*, 39 F. 474 (W.D. Mich. 1889); *National Cloak & Suit Co. v. Kaufman*, 189 F. 215 (M.D. Pa. 1911); *National Cloak & Suit Co. v. Standard Mail Order Co.*, 191 F. 528 (S.D.N.Y. 1911); *Jack Adelman, Inc. v. Sonners & Gordon, Inc.*, 112 F. Supp. 187 (S.D.N.Y. 1934); *Muller v. Triborough Bridge Authority*, 43 F. Supp. 298 (S.D.N.Y. 1942); *Fulmer v. United States*, 103 F. Supp. 1021 (Ct. Cl. 1952); *Kashins v. Lightmakers, Inc.*, 155 F. Supp. 202 (S.D.N.Y. 1956); *DeSilva Construction Corp. v. Herrald*, 213 F. Supp. 184 (M.D. Fla. 1962); and *PIC Design Corp. v. Sterling Precision Corp.*, 231 F. Supp. 106 (S.D.N.Y. 1964). The other line of cases includes *King Features Syndicate v. Fleischer*, 299 F. 533 (2d Cir. 1924); *Fleischer Studios, Inc. v. Freundlich, Inc.*, 73 F.2d 276 (2d Cir. 1934); and *Jones Bros. Co. v. Underkoffler*, 16 F. Supp. 729 (M.D. Pa. 1936).

subject of considerable uncertainty under the present law. We believe that, where a copyrighted work has been employed as the design of a useful article, and articles embodying the design have been offered to the public with the copyright owner's consent, it should not [49]generally constitute an infringement to publish pictures of the articles containing the design in advertising, in feature stories about the articles, in news reports, and the like. Clause (2) therefore provides:

In the case of a work lawfully reproduced in useful articles that have been offered for sale or other distribution to the public, copyright does not include any right to prevent the making, distribution, or exhibition of pictures of photographs of such articles in connection with advertisements or commentaries relating to the distribution or exhibition of such articles, or in connection with news reports.

### H. Rights in Sound Recordings

### 1. GENERAL OBSERVATIONS

As explained in chapter 1 of this *Supplementary Report*, an important change contemplated by the bill would be the addition of "sound recordings," to the subject matter of copyright. "Sound recordings" would be considered copyrightable in themselves, as "works that result from the fixation of a series of * * * sounds" (other than those accompanying a motion picture). They are to be carefully distinguished from "phonorecords," which are material objects in which sounds are fixed.

"Sound recordings" as copyrightable works must also be distinguished from any musical, literary, or dramatic works that are reproduced on "phonorecords." Thus, a phonorecord (a disk or tape, for example) of a popular song would usually constitute a reproduction of two copyrighted works under the bill: the song and the sound recording of it. Where, on the other hand, the composition recorded is a work in the public domain, the phonorecord would reproduce only one copyrighted work: the sound recording.

### 2. DEVELOPMENTS SINCE 1961

Our earlier *Report* reviewed the legal situation with respect to the protection of sound recordings as of 1961, and noted that their unauthorized duplication had reached serious proportions. It concluded that the situation then existing in the United States was unsatisfactory, and recommended in general that sound recordings

APP 096

Respectfully submitted,

*s/Michael F. Rafferty*
Michael F. Rafferty, Tenn. Disc. No. 10092
HARRIS SHELTON
HANOVER WALSH, P.L.L.C.
2700 One Commerce Square
Memphis, Tennessee  38103-2555
(901) 525-1455
mrafferty@harrisshelton.com

FELDMAN LAW GROUP, P.C.
By:  *s/Steven M. Crosby*
Steven M. Crosby
Kalpana Nagampalli
smcrosby@feldman-law.com
kalpana@feldman-law.com
220 East 42nd Street, Suite 3304
New York, New York 10017
(212) 532-8585

Attorneys for Defendant-Appellee
Star Athletica, LLC

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed through the Court's CM/ECF System and duly served through the electronic noticing system upon plaintiff's counsel, Grady M. Garrison, Bradley Trammell and Adam S. Baldridge, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, 165 Madison Avenue, Suite 2000, Memphis, TN 38103, this 5th day of January, 2015.

*s/Michael F. Rafferty*