**BAKER DONELSON**

BEARMAN, CALDWELL & BERKOWITZ, PC

2000 FIRST TENNESSEE
BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:  901.526.2000
FAX:        901.577.2303

www.bakerdonelson.com

ADAM S. BALDRIDGE
**Direct Dial**: (901) 577-2102
**Direct Fax**: (901) 577-0838
**E-Mail Address**:  abaldridge@bakerdonelson.com

May 8, 2015

Deborah S. Hunt
Clerk, United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re:  *Varsity Brands, Inc. et al. v. Star Athletica, LLC*,
>        No. 14-5237
>        Argued April 24, 2015
>        Judges Guy, Moore, and McKeague

Dear Ms. Hunt:

Pursuant to Fed. R. App. P. 28(j), Appellants bring to the Court's attention

the Eleventh Circuit's decision in *Home Legend, LLC v. Mannington Mills, Inc.*,

No. 14-13440 (11th Cir. April 29, 2015) (attached).  *Home Legend* is relevant to

the validity of Varsity's registered copyrights in two-dimensional applied art.  This

issue is discussed at pages 19-21, 31-63 of Appellants' Brief, and pages 1-30 of

Appellants' Reply Brief.

The Eleventh Circuit in *Home Legend* reversed a summary judgment ruling

that Mannington's registered copyright in a two-dimensional design that

Mannington created and applied to a useful article, laminate wood flooring, was invalid. The district court held that Mannington's design was "not separable from the functional element of the flooring," and "would not be marketable if it were separated from the functional elements of the flooring."

The Eleventh Circuit ruled that the finding of non-marketability was based "not on evidence but on conjecture," and that Home Legend's copying of the design supported marketability of the design because "otherwise Home Legend would not have copied it."

The Eleventh Circuit also disagreed with the district court's finding that the design "had the function of hiding wear": "Hanging an Ansel Adams print over an unsightly water stain on a living room wall might make the print 'functional' …, but it would have no effect on the copyright in the work itself." The evidence also showed that Mannington sold "otherwise identical flooring" that used a different design. Since Mannington's design "might as easily be applied to wallpaper or as the veneer of a picture frame," it is conceptually separable. This, the Eleventh Circuit found, is "obviously true, as it is of any two-dimensional image."

Evidence of separability in this case is essentially the same: Varsity applies two dimensional designs to the surface of various garments; Varsity sells garments that are "otherwise identical" but display different designs; Varsity's designs can be applied to iPhone covers, totebags, etc.; and Star's copying of Varsity's designs

supports their marketability as does the other evidence in the record regarding marketability of the designs which is unrebutted by Star.

Respectfully submitted,

*(signature: Adam S. Baldridge)*

Adam S. Baldridge

*Attorney for Plaintiffs-Appellants*

Enclosure

cc:    Michael Francis Rafferty
Harris Shelton Hanover Walsh
One Commerce Square, Suite 2700
Memphis, TN 38103

Theodore C. Anderson III, Esq.
Kilgore & Kilgore
3109 Carlisle
Dallas, TX 75204

Steven M. Crosby, Esq.
Feldman Law Group
220 E. 42nd Street, Suite 3304
New York, NY 10017

*Attorneys for Defendant-Appellee*
*(By Email and Mail)*