**MICHAEL F. RAFFERTY**

Of Counsel

mrafferty@harrisshelton.com
**Downtown Memphis Office**
Telephone 901-525-1455
Direct Dial 901-435-0128
Fax 901-526-4084

Licensed in Tennessee, Mississippi and Arkansas

June 2, 2015

Ms. Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Cincinnati, OH 45202-3988

Re:  Case No. 14-5237, *Varsity Brands, Inc., et al. v. Star Athletica, LLC*
Originating Case No. : 2:10-cv-02508
Argued and submitted: April 24, 2015

**Star's Response to Varsity's Citation of *Home Legend, LLC v. Mannington Mills, Inc.* as Supplemental Authority**

Dear Ms. Hunt:

*Home Legend* is a copyright case about infringing copies of 2-dimensional faux wood images; it provides no guidance here where Varsity's allegations of infringement are rooted in Star's manufacture of 3-dimensional cut-and-sew cheerleading uniforms, i.e., *not* fabric designs. Clothing has well-developed separability case law, and the Copyright Office has a long-standing policy against registering clothing, including uniforms. *See* Star's Appellee's Brief (Doc. 36, pages 36-40); Registrability of Costume Designs, 56 Fed. Reg. 56,530 (Nov. 5, 1991) (uniform designs not registerable); Compendium of Copyright Office Practices III, § 920.1 *Patterns for Making Articles* and § 924.1 *What is a Useful Article?* (2014) (clothing "pattern book" registration does not protect pattern pieces or clothing made therefrom).

Cheerleading uniforms serve multiple functions: they identify the wearer as a cheerleader and team member, they protect the body from exposure, and they cover the body in an attractive way. Varsity wants to use its 2-dimensional images

to stop Star from making 3-dimensional functional articles of clothing, which is not a proper use of a 2-dimensional copyright. The principles in the *Jovani*, *Galiano*, and *Eliya* clothing cases apply here: if design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be conceptually separable from the utilitarian elements and are not protected under the Copyright Act.

At oral argument Varsity stated it "has not chosen" to sell its designs in bolts of sublimated material with the basic elements of cheerleading uniforms, i.e., stripes, V's, and chevrons, and it admitted manufacturing such material for different sizes would present "production issues." This admission confirms Varsity seeks protection for intrinsically functional, industrial designs of cheerleading uniforms, not 2-dimensional artwork. Varsity's designs have to be adapted to make a uniform to fit an individual cheerleader's size, and this need to adapt and scale Varsity's designs proves that aesthetic and functional considerations have merged, rendering them unprotectable and infringement impossible.

The need to adapt Varsity's designs for different sizes distinguishes them from Lilly Pulitzer's paisley fabric designs and other artwork which do not require modification or scaling to be manufactured as different sizes.

Sincerely,

HARRIS SHELTON
HANOVER WALSH, PLLC

Michael F. Rafferty

cc:   All counsel of record (w/enclosures)