

2000 FIRST TENNESSEE
BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:   901.526.2000
FAX:       901.577.2303

www.bakerdonelson.com

ADAM S. BALDRIDGE
**Direct Dial**: (901) 577-2102
**Direct Fax**: (901) 577-0838
**E-Mail Address**: abaldridge@bakerdonelson.com

June 9, 2015

Deborah S. Hunt
Clerk, United States Court of Appeals
   for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re:   *Varsity Brands, Inc. et al. v. Star Athletica, LLC*
>        No. 14-5237
>        Argued April 24, 2015
>        Judges Guy, Moore, and McKeague

Dear Ms. Hunt:

On May 8, 2015, Varsity submitted a supplemental authority letter regarding *Home Legend, LLC v. Mannington Mills, Inc.* Only the first sentence of Star's June 2, 2015 responsive letter relates to this opinion - the remainder does not discuss the case and violates Federal Rule of Appellate Procedure 28(j). The Rule "permits parties to decide for themselves what they wish to say *about supplemental authorities*." Fed. R. App. P. 28(j), 2002 advisory committee note; 16AA Wright, Miller, *Federal Practice*

*and Procedure* § 3974.6 (stating "[t]he intent of the 2002 amendment was essentially to permit parties to say whatever they want *about supplement authorities*").

Further, Star's statements are contrary to the record. For example, Star argues that "Varsity wants to use its 2-dimensional images to stop Star from making 3-dimensional functional articles of clothing .…" As Varsity stated to the contrary in its Opening Brief, Reply Brief, and at oral argument, Varsity's copyrights are not for clothing but for the two-dimensional designs appearing on the surface. Star's argument regarding bolts of sublimated fabric is also legally wrong. The test for conceptual separability is not whether Varsity "has chosen" or "not chosen" to sell bolts of sublimated materials. Varsity's Opening Brief at 34-36.

Furthermore, *Home Legend* does not discuss or support Star's "scalability" argument, which is made without citation to any authority and is legally wrong. Nor does Star explain why scalability would render a design functional. In *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995), the Second Circuit did not limit its finding of protectability to one size sweater or only non-scalable designs. Varsity's designs are created without regard to garment construction considerations and are not limited to any one size of garment or even garments at all. Varsity Opening Brief at 53-63; Varsity's Reply Brief at 23-28.

Contrary to Star's assertions, Lilly Pulitzer's designs are scalable as the images below demonstrate incorporation of a design into both a dress and an iPhone cover:





*See* http://www.lillypulitzer.com/category/accessories-shoes/technology/pc/61/248.uts.

Because Star's letter does not comply with Rule 28(j) and contains incorrect statements, it should not be considered by the Court.

Respectfully submitted,

Adam S. Baldridge

*Attorney for Appellant-Plaintiff*

cc:     Michael Francis Rafferty
        Harris Shelton Hanover Walsh
        One Commerce Square, Suite 2700
        Memphis, TN 38103

        Theodore C. Anderson III, Esq.
        Kilgore & Kilgore
        3109 Carlisle
        Dallas, TX 75204

        Steven M. Crosby, Esq.
        Feldman Law Group
        220 E. 42nd Street, Suite 3304
        New York, NY 10017

        *Attorneys for Appellee-Defendant*
        *(By Email and Mail)*