No. 14-5237

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

VARSITY BRANDS, INC., VARSITY SPIRIT CORPORATION, AND
VARSITY SPIRIT FASHIONS & SUPPLIES, INC.

Plaintiffs-Appellants

v.

STAR ATHLETICA, L.L.C.

Defendant-Appellee

On Appeal from the United States District Court
for the Western District of Tennessee, Western Division
Docket No. 2:10-cv-02508-RHC-cgc
The Honorable Robert H. Cleland

## APPELLEE STAR ATHLETICA'S MOTION TO STAY THE MANDATE

John J. Bursch
Matthew T. Nelson
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
E-mail: jbursch@wnj.com

Michael F. Rafferty
Harris Shelton Hanover Walsh, P.L.L.C.
One Commerce Square, Suite 2700
Memphis, Tennessee 38103-2555

Steven M. Crosby
The Feldman Law Group
220 East 42nd Street, Suite 3304
New York, New York 10017

Attorneys for Star Athletica, LLC

October 14, 2015

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ...................................................................................................1

STANDARD OF REVIEW ......................................................................................3

ARGUMENT............................................................................................................3

    I.      Star Athletica's petition for writ of certiorari will present two
substantial questions, one involving the separability tests
applicable to clothing, and a second involving *Skidmore*
deference to copyright registration decisions.......................................3

          A.     The panel majority's test for determining which elements
of a useful article are protectable exacerbates a circuit
conflict.......................................................................................4

          B.     The Court's decision does not defer to the Copyright
Office's reasoned policy while giving unprecedented
deference to a copyright registration .........................................8

    II.     There is good cause for a stay .............................................................10

CONCLUSION AND REQUESTED RELIEF .......................................................13

# TABLE OF AUTHORITIES

## Federal Cases

*Carol Barnhart Inc. v. Economy Cover Corp.*,
773 F.2d 411 (2d Cir. 1985) ....................................................................2, 10

*Eliya, Inc. v. Kohl's Department Stores*,
2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006) .....................................7

*Feist Publishings, Inc. v. Rural Telelephone Service Co.*,
499 U.S. 340 (1991) ...............................................................................10

*Galiano v. Harrah's Operating Co.*,
416 F.3d 411 (5th Cir. 2005) ................................................................4, 6

*Hi-Tech Video Productions, Inc. v. Capital Cities/ABC, Inc.*,
58 F.3d 1093 (6th Cir. 1995) .................................................................9

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
755 F.3d 1038 (9th Cir. 2014) ..............................................................8, 9

*Jack Adelman, Inc. v. Sonners & Gordon*,
112 F. Supp. 187 (S.D.N.Y. 1934) ........................................................6

*Jovani Fashion Ltd. v. Fiesta Fashions*,
500 F. App'x 42 (2d Cir. 2012)........................................................ 4, 5, 6

*Norris Industries, Inc. v. Int'l Telephone & Telegraph Corp.*,
696 F.2d 918 (11th Cir. 1983)...............................................................10

*North Coast Industries v. Jason Maxwell, Inc.*,
972 F.2d 1031 (9th Cir. 1992)...............................................................5

*Skidmore v. Swift & Co.*,
323 U.S. 134 (1944) ...............................................................................2

*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004) ..................................................................10

*Whimsicality, Inc. v. Rubie's Costume Co.*,
   891 F.2d 452 (2d Cir. 1989) ................................................................................5

## Federal Statutes

17 U.S.C. § 410 ....................................................................................................9

## Federal Rules

6th Circuit Rule 41 ...............................................................................................3

Federal Rule of Appellate Procedure 41 ............................................................1, 3

Supreme Court Rule 10 .........................................................................................3

## Other Authorities

56 Federal Register 56,531 ..............................................................................4, 8

## INTRODUCTION

Appellee Star Athletica, L.L.C., moves under Federal Rule of Appellate Procedure 41 and respectfully requests an order staying the issuance of the mandate pending preparation of a petition for a writ of certiorari from the United States Supreme Court.

This case involves the single most vexing, unresolved question in all of copyright: determining whether an element of a useful article is conceptually separable from the article and therefore protectable. On August 19, 2015, the Court vacated the district court's judgment in favor of Star (i.e., that the cheerleading uniform design elements were not protectable by copyright), entered partial judgment in favor of Varsity on the issue of whether its Varsity's cheerleading uniform designs are copyrightable works, vacated the order dismissing Varsity's state-law claims, and remanded the case for further proceedings. Star filed a timely petition for rehearing or rehearing *en banc*, which the Court denied on October 7, 2015. Star is preparing and will timely file a petition for a writ of certiorari with the Supreme Court. A stay is warranted because the certiorari petition will "present a substantial question" and there is "good cause for a stay." Fed. R. App. P. 41(d)(2)(A).

Regarding the "substantial question," the Court's decision exacerbates a long-standing circuit split and creates a new one. *First*, this Court rejected the nine

1

distinct approaches to separability that other courts and scholars have articulated and created a tenth, exacerbating the existing circuit split. (Slip Op. 17-19, 22-28.) As the dissent notes, "[t]he law in this area is a mess," and needs clarification from Congress or the Supreme Court. (*Id.* at 36.) *Second*, the Court gave *Skidmore* deference to Varsity's copyright registrations (*id.* at 8-13 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)), creating a new circuit split. *Contra Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985) (the courts are "in as good a position as the Copyright Office to decide the issue" of copyrightability). The Supreme Court is likely to grant certiorari and reverse both holdings.

Wholly aside from the merits of the questions presented, there is also "good cause" for a stay. To begin, there is substantial harm to Star Athletica in having to litigate substantial issues at trial when the Supreme Court is likely to hear the case first and provide additional guidance on the issue of separability. Conversely, a stay causes no harm to Varsity, because Star Athletica has already stopped producing the uniform styles that Varsity alleges infringe its copyrights. More important, the decision here is not limited to cheerleading uniforms or even uniforms more generally. It affects manufacturers, suppliers, and retailers of all manner of clothing types, causing considerable confusion for one of the largest industries in the country. In light of these effects, Star Athletica requests a stay to

provide the Supreme Court the modest amount of time needed to consider the petition for certiorari. This Court should grant Star's motion.

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 41 (d)(2) authorizes this Court to issue a stay pending the filing of a petition for a writ of certiorari in the Supreme Court when the movant demonstrates that (1) "the certiorari petition would present a substantial question," and (2) "there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). *Accord* 6th Cir. R. 41(a). Both elements are satisfied here.

## ARGUMENT

**I. Star Athletica's petition for writ of certiorari will present two substantial questions, one involving the separability tests applicable to clothing, and a second involving *Skidmore* deference to copyright registration decisions.**

The petition for certiorari that Star Athletica intends to file with the Supreme Court will present two independent and substantial questions. As the Supreme Court's own rules explain, the existence of a circuit split is a primary reason for granting a petition for a writ of certiorari. S. Ct. R. 10(a). Here, this Court's decisions to adopt a tenth separability analysis and to give *Skidmore* deference to the Copyright Office's decision to register a copyright exacerbate or create circuit splits. Accordingly, the Supreme Court is likely to grant certiorari, and there is a significant possibility the Court will reverse on both points. By definition, these are "substantial question" warranting a stay. Fed. R. App. P. 41(d)(2)(A).

**A. The panel majority's test for determining which elements of a useful article are protectable exacerbates a circuit conflict.**

"[A]rticles of clothing and costumes are useful articles that ordinarily contain no artistic authorship separable from their overall utilitarian shape." Registrability of Costume Designs, 56 Fed. Reg. at 56,531. Because clothing is an industrial design involving artistic *craftsmanship*, rather than authorship protectable by copyright, the Copyright Office does not allow registration of garment designs or uniforms. *Id.* Thus, the Fifth Circuit has held that semi-fitted jackets with princess seams[1] and star buttons which identify a garment as a "casino uniform" are not copyrightable. *Galiano v. Harrah's Operating Co.*, 416 F.3d 411, 417-22 (5th Cir. 2005). And the Second Circuit reached the same conclusion with regard to the creative arrangement of sequins, beads, ribbons, and tulle which identify a garment as a "prom dress." *Jovani Fashion Ltd. v. Fiesta Fashions*, 500 F. App'x 42, 44-45 (2d Cir. 2012). This Court's decision conflicts with both of those decisions.

For a garment element to be copyrightable, then, it must be completely "separable" from the garment's utilitarian aspects. So a copyrightable work of art is protectable if it exists separately from and can be marketed independently of the utilitarian aspects of the dress or a notebook to which it is affixed. *N. Coast Indus.*

---

[1] *See* https://en.wikipedia.org/wiki/Princess_seams

*v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1032 (9th Cir. 1992) (pullover tops based on designs by Piet Mondrian). Conversely, "the decorative elements of clothing are generally 'intrinsic' to the overall function, rather than separable from it," because "clothing, in addition to covering the body, serves a 'decorative function.'" *Jovani*, 500 F. App'x at 44 (citing *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989)). Although the core "decorative function" of stripes and chevrons on cheerleading uniforms (identifying the wearer and enhancing the wearer's attractiveness) is specifically at issue here, the analysis has applicability to all clothing design.

In formulating the 10th test for analyzing separability (Slip Op. 17-19, 22-28), the Court unnecessarily departed from the functionality analysis applied by other circuits. A costume or uniform design can serve many functions. But as *Galiano* and *Jovani* demonstrate, an intrinsic function of a uniform must be to identify the wearer. A person can "cheer, jump, kick, and flip" in a gymnastics leotard or a wrestling singlet, but a crowd would not identify the wearer as a cheerleader or a member of a particular team absent the uniform's colorful stripes, chevrons, and the like.

The Court rejected any "identifying" function of stripes and chevrons, concluding that "[s]uch a holding would render nearly all artwork unprotectable." (Slip Op. 26.) "Under this theory," the Court explained, "Mondrian's painting

would be unprotectable because the painting decorates the room in which it hangs." (*Id.*) This is incorrect, because a Mondrian painting does not identify the room in which it is hanging as a "room." But if an architect drew a room and attempted to protect the design elements of a floor, ceiling, and walls, courts would reject that attempt, because those design elements are necessary to make the room a room.

Aside from "good taste," the Court remarked, nothing prevents "Varsity from printing or painting its designs, framing them, and hanging the resulting prints on the wall as art." (Slip Op. 28.) But this conflicts with a long-standing copyright rule: "A dress is not copyrightable. A picture of a dress is." *Jack Adelman, Inc. v. Sonners & Gordon*, 112 F. Supp. 187, 189-90 (S.D.N.Y. 1934). Here, the district court did not invalidate the copyright in Varsity's drawings; it simply held that stripes and chevrons *on a cheerleader uniform* are intrinsic to the functions of uniform and thus, are not protectable. Other circuits have agreed and correctly rejected the proposition that elements of a uniform or dress are separately marketable. *E.g.*, *Galiano*, 416 F.3d at 422 ("Gianna makes no showing that its designs are marketable independently of their utilitarian function as casino uniforms."); *Jovani*, 500 F. App'x at 44 ("Jovani has not alleged, nor could it possibly allege, that the design elements for which it seeks protection could be

removed from the [prom] dress in question and separately sold."). After all, Varsity sells cheerleading uniforms, *not* pictures or sketches of cheerleading uniforms.

In sum, "ownership of a copyright in a pictorial representation of a useful article [like Varsity's drawings and photographs] does not vest the owner of the picture with a derivative copyright in the useful article itself [the cheerleading uniform]. If such roundabout copyrighting were permitted, copyright law's exclusion of useful articles would be eviscerated." *Eliya, Inc. v. Kohl's Dep't Stores*, 2006 WL 2645196, at \*9 (S.D.N.Y. Sept. 13, 2006) (copyrighted etching of a shoe design cannot prevent manufacture of shoe). The Court's decision allows roundabout copyrighting, preventing competition and inviting new copyright claims based on all manner of garments, from band uniforms to golf shirts to costumes, all useful articles. Designers and marketers have always understood— correctly—that such articles are ineligible for copyright protection. The Court has reversed a fundamental element of copyright law, exacerbating the confusion in an already confused area of the law. Consequently, the Supreme Court is likely to grant certiorari and reverse. Given that, Star Athletica has demonstrated that its petition will present a substantial question.

**B. The Court's decision does not defer to the Copyright Office's reasoned policy while giving unprecedented deference to a copyright registration.**

The Court's deference analysis is doubly incorrect. The analysis does not defer to the Copyright Office's reasoned policy against registering garment designs including uniforms. But the analysis does grant *Skidmore* deference to the Copyright Office's registration decisions, even though Congress has already defined the deference given to a decision to register a copyright. The failure to afford deference is outcome determinative. And the *Skidmore* deference is unprecedented and creates a circuit split.

This Court cited *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041-42 & n.2 (9th Cir. 2014), in support of its decision to give *Skidmore* deference to Copyright Office registration decisions. (Slip Op. 11.) But *Inhale* merely says that deference should be given to Copyright Office *policy*, not individual application decisions. In addition, this Court failed to consider—let alone defer to—the Copyright Office's general policy of "nonregistrability of garment designs [including] . . . uniforms." Registrability of Costume Designs, 56 Fed. Reg. at 56,531. If the Court had deferred to this policy, it would not have upheld the validity of the registrations of cheerleader uniforms.

In contrast, the Court accords more deference to decisions of the Copyright Office to issue individual certificates of registration than Congress allows. The

8

Copyright Act provides that copyright registration made within five years of the first publication of a work is presumptively valid. 17 U.S.C. § 410(c). The presumption can be overcome, but shifts the burden of proof to the party challenging the validity of the copyright. *See Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995). Congress has thus provided specifically for the effect of the Copyright Office's registration decision.

This Court concludes that the Copyright Office's decision to register an article receives the added benefit of judicial deference under *Skidmore*. (Slip Op. 11.) Regardless of what *Skidmore* deference actually entails, it puts a thumb on the scales on the side of the copyright holder, which provides more deference to the Copyright Office than Congress thought appropriate when it assigned the burden of proof. Where Congress has already defined the effect of copyright registration, courts cannot assign even greater weight to the registration.

Although the Court cites various decisions to support its deference analysis, in none of those cases did the court give deference to the Copyright Office's decision to issue a certificate of registration. Instead, the cited decisions merely give *Skidmore* deference to the Copyright Office's reasoned policy decisions contained in the Compendium and opinion letters, *Inhale*, 755 F.3d at 1041-42 & n.2; and some level of deference to the Copyright Office's decision to deny a registration, *Norris Industries, Inc. v. Int'l Tel. & Telegraph Corp.*, 696 F.2d 918,

9

922 (11th Cir. 1983), or a category of registrations, *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 286 & n.5 (3d Cir. 2004) (*en banc*). Courts are "in as good a position as the Copyright Office to decide the issue" of copyrightability. *Carol Barnhart*, 773 F.2d at 414.

This Court's failure to defer to Copyright Office policy while simultaneously giving judicial deference to the Copyright Office's registration decision rather than simply applying the statutory burden of proof are fundamental errors that are likely to sow additional confusion in the federal courts. Again, the Supreme Court is likely to grant certiorari to address the deference courts should give to copyright registrations, especially those depicting useful articles, and there is a fair probability that the Supreme Court will reverse. The question of what deference to provide to a copyright registration thus presents a second substantial issue.

## II. There is good cause for a stay.

For three reasons, there is also "good cause" for a stay. First, as this Court is aware, the parties' remaining dispute involves significant issues of copyright law, including issues of whether Star's cheerleading uniforms actually copy original elements of Varsity's copyright that have not yet been addressed. *Cf. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (identifying elements of a copyright-infringement claim). Resolving these issues will require a lengthy jury

trial and numerous expert witnesses. The parties will undoubtedly each spend more than a million dollars trying the case, and the district court will invest a considerable amount of time and effort, expenditures that will be unnecessary if the Supreme Court grants certiorari and reverses.

Second, a stay will not harm Varsity in the marketplace. Star Athletica ceased production of any uniforms that Varsity has alleged violate its copyrights when it received a cease-and-desist notice from Varsity and has not resumed production. There is no risk that Varsity will lose its monopolistic cheerleader-uniform market position as a result of a stay.

Third, and most important, the substantial issues this case presents will have massive ramifications on the clothing industry if this Court declines to stay its decision. As Varsity's counsel has told the media, this Court's rationale could cover designs on other kinds of clothing,[2] and thus has "significant implications for the apparel industry."[3] The *National Law Review* explained, "[w]hether a garment design is copyrightable or not may [now] turn on how the court chooses to define

---

[2] Jonathan Stempel, *Court says Y-E-S! to cheerleader uniform design copyrights* (Aug. 19, 2015), available at http://tinyurl.com/pzhe8vo.

[3] Bonnie Eslinger, *6th Circuit Leaves Cheerleader Uniform IP Protection In Place*, Law 360 (Oct. 7, 2015), available at http://tinyurl.com/odrcj73.

the function of the garment."[4] That result leaves the entire "fashion industry floundering for protection of design rights" and represents, in the words of the *Fashion Law Blog*, "an example of judicial activism in an area ripe, over ripe, for Congressional Legislation."[5]

The obvious alternative is for the "Supreme Court to set the standard analytical tests all courts use to determine copyrightability," a result that would "lead to greater predictability when it comes to determining parties' rights and liabilities."[6] Or, as another legal publication bluntly put it: "Additional guidance would sure be appreciated."[7]

The U.S. apparel market is the largest in the world, with a market value of more than $330 billion, providing jobs to nearly 100,000 Americans.[8] The decision has created new uncertainty in the clothing industry. Manufacturers must consider whether their designs are substantially similar to someone else's

---

[4] Teri H.P. Nguyen, *Sixth Circuit Fashions Hybrid Approach to Determining Whether Garment Designs Are Copyrightable* (Sept. 29, 2015) available at http://tinyurl.com/p3v7ymg.

[5] Leonard N. Budow, *Copyright and Fashion Design Confusion: Let's Move to Tennessee* (Oct. 5, 2015) available at http://tinyurl.com/ozqeyg6.

[6] Edward F. Maluf, *Why Creativity Needs IP Protection*, Apparel (Oct. 13, 2015) available at http://tinyurl.com/oqpu4l7.

[7] Chad Rutkowski, *Drawing a Line in the Floor—Courts Are Struggling with the Overlap Between Design Patent and Copyright*, IP Intelligence (Oct. 12, 2015) available at http://tinyurl.com/ouy3wql.

[8] Statistics & Facts on the Apparel Market in the U.S., available at http://tinyurl.com/oh8h6hg.

copyrighted image of a shirt, a skirt, or a pair of slacks. Retailers must now wonder if clothes they sell violate two dimensional copyrights. Everyone must decide how to adjust their policies (and prices) to adapt to this new, substantial risk. A stay to provide the Supreme Court the modest time necessary to determine whether it wants to hear this case is more than justified in the circumstances presented here.

## CONCLUSION AND REQUESTED RELIEF

Star Athletica's petition for a writ of certiorari to the United States Supreme Court presents substantial questions which this Court resolved differently than other circuits. The Supreme Court is likely to grant certiorari, there is a fair prospect of reversal, and there is good cause for the stay.

Accordingly, Star respectfully requests that the Court stay the issuance of the mandate for 90 days. This will allow Star to file its petition for a writ of certiorari and automatically extend the stay until after the Supreme Court has ruled on the petition. If the Court disagrees and declines to stay the mandate, then Star respectfully requests that the mandate be stayed 14 days from the date of such an order so that Star will have an adequate opportunity to request a stay from the Supreme Court.

Dated: October 14, 2015

*s/ Matthew T. Nelson*
John J. Bursch
Matthew T. Nelson
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
E-mail: jbursch@wnj.com

Michael F. Rafferty
Harris Shelton Hanover Walsh, P.L.L.C.
One Commerce Square, Suite 2700
Memphis, Tennessee 38103-2555

Steven M. Crosby
The Feldman Law Group
220 East 42nd Street, Suite 3304
New York, New York 10017

Attorneys for Plaintiffs-Appellants

# CERTIFICATE OF SERVICE

This certifies that Star Athletica's Motion for Stay was served October 14, 2015 by electronic mail using the Sixth Circuit's Electronic Case Filing system on all attorneys of record.

*s/ Matthew T. Nelson*
John J. Bursch
Matthew T. Nelson
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
E-mail: jbursch@wnj.com

Attorneys for Plaintiffs-Appellants

13223904